Carole WHEELER et al.,
Plaintiffs-Appellees,

v.

AMERICAN HOME PRODUCTS CORPORATION (BOYLE–MIDWAY DIVISION) et al., Defendants-Appellees,

v.

Bonnie BOSS et al.,
Intervenors-Appellants.

No. 75–3954.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1977.

Rehearing Denied Jan. 23, 1978.

take nothing, that the action be dismissed and that defendants recover their costs from intervenors. This judgment was filed and entered August 31, 1977, nunc pro tunc September 29, 1975. The filing of the earlier notice of appeal is deemed under the circumstances to be a sufficient compliance with Fed.R.Civ.P. 58.

Joseph E. Cheeley, Buford, Ga., H. A. Stephens, Jr., Atlanta, Ga., for intervenors-appellants.

Patrick M. Scanlon, Robert S. Giolito, Atlanta, Ga., J. R. Tadlock, James J. Cronin, Denver, Colo., for Oil, Chemical & Atomic Workers et al.

John D. Marshall, Donald G. Mayhall, Atlanta, Ga., for American Home.

E. Lundy Baety, Atlanta, Ga., for Carole Wheeler et al.

Before GOLDBERG and TJOFLAT, Circuit Judges, and WYATT,* District Judge.

WYATT, District Judge:

This is an appeal by plaintiffs-intervenors from an order of the United States District Court for the Northern District of Georgia (Honorable Charles A. Moye, Jr., District Judge). The order appealed from is dated September 26, 1975, and was filed September 29, 1975.

There was no compliance with Fed. R.Civ.P. 58 in that on the decision of the District Court, no judgment was set forth on a separate document and entered. In accordance with an order of this Court filed June 29, 1977, this was called to the attention of the Clerk of the District Court and an order of the District Court was made and filed on August 31, 1977, amending nunc pro tunc the above order dated September 26, 1975, so as to dismiss the complaint with prejudice and also to dismiss the complaint of the intervenors. The Clerk then filed a judgment on a separate document which provided that the intervenors

1.

The action was commenced by four female employees of American Home Products Corporation ("Home") at its plant in Chamblee, Georgia. The defendants were (a) Home, (b) Oil Chemical and Atomic Workers International Union ("the International"), and (c) Local 3–531 ("the Local") of the International. The action was brought as a class action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e and following; "the Act"). The claim was that Home discriminated against women employees because of their sex and that the International and the Local failed to represent plaintiffs fairly because (among other things) they consented to the discrimination. Thereafter plaintiffs-intervenors, who are eight other female employees of Home at its Chamblee plant, were by order allowed to intervene; they then filed an "Intervenors' Complaint."

In the fulness of time, the original plaintiffs made a settlement agreement with the three defendants. This agreement was conditioned "on the dismissal with prejudice of this action as to all parties, including intervenors." The intervenor plaintiffs were not consulted in any way about the settlement agreement and did not sign it or consent to it.

The order filed on September 29, 1975, recited that plaintiffs-intervenors objected to the proposed settlement "because no monetary provisions were provided for the intervenors" but that "such objection is without merit". The order granted the motion of plaintiffs for approval of the settlement and directed that "the complaint is hereby dismissed with prejudice". The par-

---

* Senior District Judge of the Southern District of New York, sitting by designation.

ties treated the order as one dismissing the action as against all parties, including plaintiffs-intervenors, and as denying intervenors any further opportunity to seek any relief in the Court below. The later order and judgment filed on August· 31, 1977, made this clear.

Because we believe that the procedure followed in the District Court was unauthorized and that it denied rights to which intervenors were entitled, we reverse and remand for proceedings consistent with this opinion.

2.

The action was commenced on August 23, 1972. The complaint was framed as a class action under Fed.R.Civ.P. 23(b)(2). The class was broadly described but in substance was all women employed by Home at the Chamblee plant, represented by the International and the Local, and adversely affected by the discriminatory practices said to violate the Act. These practices were alleged to be the assignment of women to the lowest paying jobs, the keeping of separate seniority lists for men and women, and the like. Plaintiffs asked for an injunction restraining such discriminatory practices, for a mandatory injunction directing corrective action, and for a money award (amount unspecified) to make them and the class whole for everything lost by reason of the discriminatory practices.

Home filed its answer on January 15, 1973; the International and the Local filed a joint answer on January 18, 1973.

On February 14, 1973 the eight present plaintiffs-intervenors filed a motion for leave to intervene. They showed their situation to be the same as the four original plaintiffs, claimed redress under the Act and "recovery of monetary damages because of sex discrimination . . .". Among other things, they asserted: "Their interest is not adequately represented by existing parties". A proposed complaint in intervention was said to be attached to the motion but no such proposed complaint appears in the record on appeal.

The original plaintiffs did not oppose the motion to intervene. The defendants did oppose.

By order filed April 19, 1973, the motion to intervene was stayed pending determination whether or not the action could be maintained as a class action.

By order filed August 27, 1973, the District Court determined that the action could not be maintained as a class action but gave plaintiffs 15 days within which to amend their complaint to meet the several points noted by the Court. No such amendment was made.

By order filed October 2, 1973, the motion to intervene was granted, not as of right (Fed.R.Civ.P. 24(a)(1)) but as a matter of permission (Fed.R.Civ.P. 24(a)(2)). On the same date, appellants filed a pleading which was styled "Intervenors' Complaint." This adopted the averments of the complaint and stated that defendant Home was indebted to each intervenor for $9,000 "or more" as the pay differential caused by discrimination. The prayer for relief was that the "injunctive and declaratory relief" asked for by plaintiffs be granted and in addition that each intervenor recover $9,000 from Home or "such other sum" as might be found owing.

On October 24, 1973, the defendant unions filed a motion to dismiss the intervenors' complaint.

On November 20, 1973, defendant Home moved for summary judgment in its favor as against the intervenors.

The original plaintiffs then brought to the Court's attention that their counsel had been disbarred. By order filed January 31, 1974, plaintiffs were allowed to substitute new counsel and were given 30 days "to make the positive showing that this action should proceed as a class action". The District Court noted in its order that the intervenors might be members of the "purported class" and, if so, their intervention might be "unnecessary" and the motions of defendants against them might be "inapplicable". The Court therefore deferred any ruling on those motions.

The original plaintiffs then on March 7, 1974, filed a "response" that they did not desire, and had never desired, that the action be a class action. They asked for an order "dismissing the class action aspects of the case". A copy of this "response" was served on counsel for intervenors, who apparently did not object to dismissal of the "class action aspects". The District Court took no action on the "response" so far as its class action determination was concerned. The order denying class action status was left standing.

After the "response" the District Court did find that the motions of defendants were "ripe for consideration."

The point made by defendants in support of their motions was that no intervenor had ever filed a charge with EEOC nor ever received any notice from EEOC; reliance was on *Beverly v. Lone Star Lead Constr. Corp.,* 437 F.2d 1136 (5th Cir. 1971). The intervenors relied on *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968).

The District Court believed *Oatis,* maintained as a class action, to be distinguishable in that members of a class in a class action need not each file a charge with EEOC. But the District Court believed that in an action, not a class action, each plaintiff and each intervenor must have filed a charge with EEOC in order to make a claim for back pay in an action under Title VII. Since the intervenors had not each filed charges with EEOC, the District Court ruled that they could not recover back pay in the action. By order filed May 16, 1974, the motions of defendants were denied but the intervention of plaintiffs-intervenors was stated to be "allowed only with respect to participation in a trial concerning the issue of injunctive relief."

Thereafter defendant Home moved for judgment on the pleadings. This motion was denied by order with memorandum opinions, filed June 9, 1975.

The four original plaintiffs and the three defendants then made a written agreement of settlement, dated September 18, 1975. The intervenors were not parties to the settlement agreement.

The settlement agreement provided that plaintiffs would receive $10,000 from defendants in satisfaction of all their claims, specifically including back pay. Plaintiffs agreed to do everything necessary to dismiss the action with prejudice "as to all parties, including intervenors". The settlement agreement further stipulated "that no injunctive relief is required or necessary".

The original plaintiffs then filed a motion "for an order approving the proposed settlement of the . . . action and its dismissal with prejudice as to all parties".

The District Court made an order requiring all parties to show cause why the action "should not be dismissed".

A hearing was held on September 25, 1975, at which all parties were represented. The District Court stated that the matter for decision was whether "to approve a proposed settlement". The intervenors objected. They stated that the order of May 16, 1974, erroneously limited their intervention to the claim for injunctive relief and erroneously denied their claim to back pay. They had not appealed, however, from the May 16, 1974 order because they believed it was not appealable—which defendants disputed—and they objected to their exclusion from "the monetary settlement". They asserted "a right to pursue the claim for injunctive relief, but in addition thereto, to recover monetary damages". The Court overruled the objections of the intervenors and stated: "We'll approve the settlement".

By order filed September 29, 1975, the motion for approval of the settlement was granted. The order further provided: "Accordingly, the complaint is hereby dismissed with prejudice". The intervenors timely filed a notice of appeal from that order (which, as earlier noted, has been amended and a judgment on a separate document has been entered nunc pro tunc).

3.

The dismissal procedure followed in the District Court was not authorized. No approval of a settlement between the original plaintiffs and the defendants was

necessary nor appropriate. The only provision for approval of a settlement is that for dismissal or compromise of a class action (Fed.R.Civ.P. 23(e)). When the settlement was here approved, the action had already been denied status as a class action. The approval of the settlement in the case at bar is thus irrelevant in considering the propriety of dismissal of the action.

The District Court dismissed this action, including the claims of the intervenors, on the basis of a stipulation between the original parties. This could not properly be done. *Raylite Electric Corp. v. Noma Electric Corp.*, 170 F.2d 914, 915 (2d Cir. 1948) " . . . [O]nce intervention has been allowed, the original parties may not stipulate away the rights of the intervener." 3B Moore's Federal Practice (2d ed.) 24–671, 672.

Fed.R.Civ.P. 41(a)(1) did not authorize dismissal as against intervenors because the stipulation (settlement agreement) was not signed by "all parties". Similarly Fed.R. Civ.P. 41(a)(2) did not authorize such dismissal because dismissal "at the plaintiff's instance" refers only to an "instance" by *all* plaintiffs, including intervenors.

True, intervenors had been limited to claims for injunctive relief but, even on this basis, they should have been allowed a trial. Issue had been joined between intervenors and defendants; answers to the intervenors' complaint had been filed by defendants on November 29, 1973 (Home) and May 22, 1974 (the unions). Even on the District Court's theory, intervenors were entitled to a trial on the issues as to injunctive relief. They pressed their claims to injunctive relief before the District Court, their counsel stating: " . . . our clients do have a right to pursue the claim for injunctive relief . . . " (App. 75). We agree.

4.

The more difficult question is whether, after the action is remanded, the District Court should permit intervenors also to pursue their claims for back pay.

5.

The first argument for appellees is that the order of May 16, 1974, was a final decision and was appealable (28 U.S.C. § 1291); that intervenors did not appeal from that decision; that it was that decision which denied intervenors any claim for back pay; and that accordingly it is now too late to raise the issue in this Court.

■ The established rule, as explained in 3B Moore's Federal Practice (2d ed.) 24–561, 562, is that an order allowing intervention is not a final order and is not appealable; that an order denying intervention is final and is appealable if intervention was a matter of right; and that an order denying intervention is not final and is not appealable if intervention was a matter of discretion unless (in the rare case) denial of intervention is shown to have been an abuse of discretion. See, for example, *Martin v. Kalvar Corp.*, 411 F.2d 552 (5th Cir. 1969).

The order of May 16, 1974, did not deny intervention. It allowed intervention as a matter of discretion. Under the established rule, the order was not appealable.

■ The order did of course deny intervention to prosecute a claim for back pay. But this claim for back pay was a part of the same claim under Title VII as that for injunctive relief; both parts of the claim were based on the same "unlawful employment practice" (42 U.S.C.A. § 2000e–5). They were not "multiple claims" which could have been the subject of a determination that a "final judgment" be entered on one but not the other (Fed.R.Civ.P. 54(b)). They were not claims which "arose out of wholly separate and distinct transactions or engagements" (*Reeves v. Beardall,* 316 U.S. 283, 286, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478 (1942)).

Moreover, no determination under Fed.R. Civ.P. 54(b) was in fact made in the May 16, 1974, order and no final judgment under that Rule was entered in respect of the back pay claim.

■ We conclude that the May 16, 1974, order was not appealable, that failure of intervenors to appeal from that order does

not prevent their contesting it now, and that denial of the claim for back pay is properly before us on the present appeal.

6.

We therefore come to the final issue: whether intervenors in a class action, later declared not maintainable as a class action, must each satisfy the requirements of 42 U.S.C. § 2000e–5(f)(1), before they can prosecute a claim for back pay or whether it is sufficient if one of the original plaintiffs had satisfied such requirements.

■ It is clear that a single individual plaintiff in a civil action under Title VII must satisfy two jurisdictional requisites: (1) a charge must have been filed with EEOC and (2) the statutory notice must have been received from EEOC. *Beverly v. Lone Star Constr. Corp.,* 437 F.2d 1136, 1139–40 (5th Cir. 1971).

■ It is now equally clear that in a class action, back pay (as well as injunctive relief) may be awarded to members of the class who themselves did not meet the jurisdictional requisites just noted. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 fn. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

■ If back pay may properly be awarded in a class action to members of the class we do not meet the jurisdictional requisites, there seems no reason, in an action not a class action, to deny back pay to intervenors who do not meet the jurisdictional requisites. The same policy is the guide in both instances, a policy that back pay should be awarded as part of the Congressional purpose to eliminate "a historic evil of national proportions", *Albemarle Paper Co. v. Moody,* above cited at 95 S.Ct. at 2371. The same opinion declares that it would frustrate the Congressional purpose expressed in Title VII if there were a rule which produced different results for discriminatory practices in situations governed by the same policy.

In dealing with the individual claim of a plaintiff in a class action, Chief Judge Brown emphasized that this was "more than a private claim", that the claimant "takes on the mantel [so in the original] of the sovereign", and that the claim has "extreme importance with heavy overtones of public interest". *Jenkins v. United Gas Corp.,* 400 F.2d 28, 32, 33 (5th Cir. 1968). In the same opinion it was stated (400 F.2d at 33): "Whether in name or not, the suit is perforce a sort of class action for fellow employees similarly situated."

It had earlier been pointed out in a Title VII class action: "It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC". *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir. 1968). It was there said to be better to permit one "aggrieved person", who had made a charge to EEOC, to bring an action for persons similarly situated. While in *Oatis,* the action was a class action, the same reasoning would apply wherever similarly situated persons intervene in an action and one or more of the original plaintiffs had satisfied the jurisdictional requisites.

There are further reasons in the case at bar for allowing intervenors to assert a claim for back pay. When the motion to intervene was made, the action was being prosecuted as a class action and had been pending less than six months. When the motion to intervene was first granted, the intervenors were not restricted in any way; they could prosecute all their claims, including that for back pay. Their claim for back pay was pending from October 2, 1973, when their intervenors' complaint was filed, to May 16, 1974, when their intervention was restricted to injunctive relief only. Under these circumstances, it seems inequitable to deny back pay claims to intervenors, who (so far as the discrimination is concerned) are situated exactly as the original plaintiffs.

The original plaintiffs and the intervenors are members of the same class. It was said in a case similar to that at bar, namely, a class action where class action status had been denied by the District Court: "The plaintiffs and the [intervenor are] members of the same class. Any distinction between

them such as the filing of an EEOC . . . complaint . . . is not significant. Once a timely administrative complaint has been filed by one [member of the class] all others who were discharged by operation of the rule are entitled to recover", *Romasanta v. United Airlines, Inc.,* 537 F.2d 915, 919 fn. 7 (7th Cir. 1976), affirmed as *United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977).

The reliance of the District Court on such decisions as *Austin v. Reynolds Metals Co.,* 327 F.Supp. 1145 (E.D.Va.1970) is misplaced. *Austin* was based on a belief that in a class action members of the class who did not file charges with EEOC could assert a claim only for injunctive relief. *Albemarle Paper Co. v. Moody,* above cited, has shown that this belief was in error.

■ The idea of the District Court that the filing of a charge by the original plaintiffs with EEOC put defendants on notice only as to a claim for injunctive relief seems entirely mistaken. The charge is simply that an employer has engaged in an "unlawful employment practice" (42 U.S.C. § 2000e–5(b)). If the charge is sustained, the Court is empowered to issue an injunction and also to order affirmative action, including an award of back pay (42 U.S.C. § 2000e–5(g)). Back pay is simply one of the remedies provided in the Act and any one against whom a charge has been filed with EEOC knows that under the Act an award of back pay can be made if the charge be found proved.

Accordingly, on remand the intervenors should be allowed to assert all their claims, including that for back pay.

The orders and judgment appealed from are

REVERSED AND THE ACTION REMANDED for further proceedings consistent with this opinion.