Willie M. WALKER, Willie Rhoades and Bobbie P. Lowery,
Plaintiffs-Appellants,

v.

The JIM DANDY COMPANY,
Defendant-Appellee.

No. 78–2652.

United States Court of Appeals,
Fifth Circuit.

March 13, 1981.

Linda F. Thome, Washington, D. C., Susan Reeves, Birmingham, Ala., Diane P. Wood, Washington, D. C., for plaintiffs-appellants.

Constangy Brooks & Smith, Chris Mitchell, Birmingham, Ala., for defendant-appellee.

Before HILL and POLITZ, Circuit Judges and O'KELLEY,[*] District Judge.

HILL, Circuit Judge:

Willie Walker, a black man, and Willie Rhoades and Bobbie Lowery, two white women, brought this class action under 42 U.S.C. § 2000e *et seq.*, seeking relief from the alleged racially and sexually discriminatory employment practices of the Jim Dandy Company. The district court granted Jim Dandy's motion for partial summary judgment against Walker, concluding that (1) his § 1981 suit was barred by the statute of limitations and (2) because he had not filed a formal charge with the Equal Employment Opportunity Commission within the statutorily prescribed period, the court did not have jurisdiction to hear his Title VII claim. The district court would not certify the class, and therefore only the individual claims of Rhoades and Lowery were tried. Judgment for Jim Dandy was entered on those claims. We reverse the district court's decision concerning Walker's Title VII claim, affirm its judgment on Rhoades' and Lowery's individual claims, and remand the class certification issue for further consideration.

## I. *Walker*

Appellant Willie Walker was employed in Jim Dandy's dog food packaging depart-

---

[*] District Judge of the Northern District of Georgia, sitting by designation.

ment. He was discharged on January 4, 1971. Believing that the firing was racially motivated, Walker filed a charge with EEOC on April 20, 1971, 106 days after the alleged discriminatory act. On May 30, 1974, the EEOC issued a right to sue letter. Walker commenced this action in August of 1974, alleging violations of Title VII and 42 U.S.C. § 1981. Jim Dandy's motion for summary judgment was granted, the court finding that the § 1981 claim was barred by the statute of limitations and that it did not have jurisdiction to hear the Title VII claim because of Walker's failure to file a charge with the EEOC within 90 days of his discharge. The only issue before this panel is whether the court erred in dismissing Walker's Title VII claim.[1]

█ The district court correctly noted that failure to file a timely charge with the EEOC is a jurisdictional defect. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 1887, n.4, 52 L.Ed.2d 571 (1977); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). At the time Walker filed his charge, the applicable limitations period was 90 days. 42 U.S.C. § 2000e–5(d). The amendments to Title VII, effective March 24, 1972, extended the limitations period to 180 days. 42 U.S.C. § 2000e–5(e) *as amended by* Pub.L. No. 92–261, § 4, 86 Stat. 103. Since Walker's charge was filed 106 days after he was fired, it was timely only if the 1972 amendments apply.

A similar, but not identical, situation was presented to the Supreme Court in *International Union of Electrical Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). There, the plaintiff's charge had been filed on February 10, 1972, 108 days after the alleged discriminatory act and less than 180 days

prior to the effective date of the amendments. *Id.* at 241, 97 S.Ct. at 449. Relying on § 14 of the Equal Employment Opportunity Act of 1972, which makes the 1972 amendments applicable to cases pending with the EEOC on the date of enactment, the Court held that the 180 day period is applicable "where the charge was filed with the EEOC prior to March 24, 1972, and alleged a discriminatory occurrence within 180 days of the enactment of the Act." *Id.* at 243, 97 S.Ct. at 450 (footnote omitted). The question specifically left open by the court was whether the 180 day period also applies where the discriminatory act occurred *more than* 180 days before enactment. *Id.* at 243 n.17, 97 S.Ct. at 450 n.17. That is precisely the question before this panel.

█ While this is the first occasion for this court to consider the question left open in *Robbins & Myers*, a number of courts already have had the opportunity to do so. The unanimous view of those courts is that the expanded limitations period applies to charges pending on the date of enactment regardless of when the discriminatory act occurred. *See McDonald v. United Air Lines, Inc.*, 587 F.2d 357, 361 n.10 (7th Cir. 1978); *Wood v. Southwestern Bell Telephone Co.*, 580 F.2d 339, 342 (8th Cir. 1978); *Inda v. United Air Lines, Inc.*, 565 F.2d 554, 561 (9th Cir. 1977); *Dickerson v. United States Steel Corp.*, 439 F.Supp. 55, 69 n.11 (E.D.Pa.1977). Nothing in the legislative history of the amendments or *Robbins & Myers* gives us reason to believe that the date of the discriminatory act should be considered crucial in determining the retroactive effect of the amendments. Thus, we hold that where the charge was filed less than 180 days from the date of the discriminatory act and was pending on the effective date of the 1972 amendments, it must be considered to have been timely filed.[2]

1. Walker does not contest the dismissal of his § 1981 claim or the denial of his request for class certification. Accordingly, we intimate no view on the court's disposition of those issues.

2. Nothing in *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) requires an opposite conclusion. In *Ev-*

*ans* the charge was not filed until almost 4 years after the discriminatory act. Noting that the charge was not timely filed, Justice Stevens categorized the discriminatory act as "an unfortunate event in history which has no present legal consequences." *Id.* at 558, 97 S.Ct. at 1889. Jim Dandy urges that *Evans* implicitly answers the question left open in *Robbins &*

Walker filed his charge 106 days after he was fired. Since the EEOC did not issue a right to sue letter until May 30, 1974, it is clear that the charge was still pending on March 24, 1972.[3] We therefore find that the district court erred when it dismissed Walker's claim on jurisdictional grounds.

## II. *Lowery & Rhoades*

In November of 1971, Jim Dandy placed a job order with the Alabama State Equipment Agency for two rail shipping foremen. Lowery and Rhoades, both of whom are women, were notified of the openings by the agency and submitted applications to Jim Dandy. Both were interviewed by the plant manager and neither one was offered employment. Shortly thereafter, Lowery and Rhoades filed charges with the EEOC, alleging that they were rejected because of their sex. The EEOC found that Jim Dandy had violated Title VII, and issued a right to sue letter.

Lowery and Rhoades commenced this suit individually and on behalf of all others similarly situated. Their request for class certification was denied by the district court. After a non-jury trial on the individual claims, the court entered judgment for Jim Dandy, finding that neither Lowery nor Rhoades had established a prima facie case of sex discrimination.

## A. *The Individual Claims*

■ To make out a prima facie case of sex discrimination, the plaintiff must establish four things: (1) that she belongs to a group protected by Title VII; (2) that she applied for and was qualified for a job for which applicants were being sought; (3) that she was rejected; and (4) that after she was rejected, the employer continued to seek applicants with similar qualifications. *East v. Romine, Inc.*, 518 F.2d 332, 337 (5th Cir. 1975); *accord McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817,

1824, 36 L.Ed.2d 668 (1973); *Adams v. Reed*, 567 F.2d 1283, 1285 (5th Cir. 1978). Once a prima facie case is established, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for having rejected the plaintiff. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Adams*, 567 F.2d at 1285. If the defendant carries that burden, the ball is thrown back to the plaintiff who must show that the articulated reason was a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825; *Adams*, 567 F.2d at 1285–86.

■ The district court found that Lowery and Rhoades failed to carry their initial burden because the evidence did not establish that they were qualified for the job. Although the records of the Alabama State Employment Agency show that Jim Dandy did not require applicants to have experience, the record substantiates the court's conclusion that the position of rail shipping foreman required "supervisory skills and a substantial degree of management skill." In assessing appellants' qualifications, the court noted that both Lowery and Rhoades had worked at a bakery for several years. Although both had filled in on a temporary basis in supervisory capacities, their duties basically were those of assembly line workers. Lowery had some of this temporary management experience but no other prior supervisory experience. Rhoades had been involved in operating a service station, but the extent of her responsibilities was not brought out on direct examination. On this record, we cannot say that the district court's conclusion—that appellants were not qualified for the position—was clearly erroneous.

## B. *The Class Action Issue*

■■ The district court, without elaboration, refused to certify the class because

*Myers.* That argument is without merit. Evans' charge was untimely even when measured against the expanded limitations period. It cannot be said that by noting the obvious the Court meant to intimate an opinion on the clearly different situation presented here.

**3.** For purposes of applying the 180 day period a charge is pending before the EEOC until such

time as final action has been taken by the Commission. *See Inda v. United Air Lines, Inc.*, 565 F.2d 554, 561 (9th Cir. 1977). Jim Dandy contends that a charge that was untimely could not have been "pending." This argument was offered and rejected in *Robbins & Myers*, 429 U.S. at 242, 97 S.Ct. at 449.

"plaintiffs have not established that the class is so numerous that joinder of all members is impractical or that there are questions of law or fact common to the class." Record at 94. It is axiomatic that the decision to or not to certify a class is discretionary, and the determination of the trial court should stand absent an abuse of discretion, assuming that the court acts within the parameters of Fed.R.Civ.P. 23. *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975); *Hill v. American Airlines, Inc.*, 479 F.2d 1057 (5th Cir. 1973); *see* 7A C. Wright & A. Miller, Federal Practice & Procedure § 1785, 134–135 (1972). Denials of class certification, however, have been reversed. *See, e. g., Hebert v. Monsanto Co.*, 576 F.2d 77 (5th Cir. 1978); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969). Although it is difficult to glean from the district court's terse order the reasons why certification was denied here, we conclude that further reconsideration is appropriate.

Jim Dandy argues that the adjudicated lack of merit of Rhoades' and Lowery's individual claims is a weighty factor militating against certification. Appellees' Brief at 20–21. Some of our past decisions suggest that such an argument is not valid. *See, e. g., Long v. Sapp*, 502 F.2d 34 (5th Cir. 1974) (plaintiff, whose individual discrimination charges failed, was permitted to represent a class including all present and prospective black employees; the court stated that "the likelihood of success on the individual claims is no more proper in the determination of membership in the class than it is in determining adequacy of representation under Rule 23(a)(4)." *Id.* at 42); *Huff v. N.D. Cass Co.*, 485 F.2d 710 (5th Cir. 1973) (the court stated that "the standard for determining whether a plaintiff may maintain a class action is not whether he will ultimately prevail on his claim" and that "the court should not exclude plaintiff

as a representative because he cannot succeed on the merits of his individual claim." *Id.* at 712. The court affirmed the district court's dismissal of the plaintiffs' individual claim but vacated the order dismissing the class action. *Id.* at 715). A recent Supreme Court decision, *United States Parole Comm'r v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), seems to buttress this position. In *Geraghty* the plaintiff, a federal prisoner challenging parole release guidelines and seeking to represent all federal prisoners subject to those guidelines, was permitted to press the claims of the purported class, which had never been certified, despite both the district court's rejection of the challenge on the merits and the fact that the plaintiff had been released from prison and thus was no longer affected by the guidelines.[4]

Furthermore, we note particularly the action taken by this court en banc in *Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir. 1981), after that case had been remanded by the Supreme Court, 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980), for further consideration in light of *Geraghty* and *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). Minda Satterwhite, like Rhoades and Lowery here, sought to represent a class of those who allegedly had been denied employment by the city of Greenville because of their sex. The district court, finding that Satterwhite was not offered the job because of an apparent conflict of interest and therefore that she was not a victim of sex discrimination, denied class certification and ruled against Satterwhite on the merits. *Satterwhite v. City of Greenville*, 395 F.Supp. 698 (N.D. Tex.1975).

After a number of appellate hearings, this court en banc held that Satterwhite

---

4. The holding in *Geraghty* was intentionally narrow:

> We need not decide here whether Geraghty is a proper representative for the purpose of representing the class on the merits. No class as yet has been certified. Upon remand, the District Court can determine whether Geraghty may continue to press the

class claims or whether another representative would be appropriate. We decide only that Geraghty was a proper representative for the purpose of appealing the ruling denying certification of the class that he initially defined.

*Id.* at 407, 100 S.Ct. at 1214.

was not a proper class representative because she did not have claims in common, and thus lacked an adequate nexus, with the proposed class. Furthermore, we held that because (1) Satterwhite had never been a member of the putative class of discriminatees; (2) no potential member of the alleged class came forward to assert the cause; and (3) no class had been certified, the requirements of Rule 23 had not been satisfied. Consequently, we instructed the district court to dismiss the complaint. *Satterwhite v. City of Greenville*, 578 F.2d 987 (5th Cir. 1978).

The Supreme Court, without opinion, reversed and remanded our disposition of Satterwhite's claim for further consideration in light of *Roper* and *Geraghty*. Both of those opinions focus on class action issues; neither, however, addresses the "adequate nexus" issue. On remand, this court, again sitting en banc, sent Satterwhite back to the trial court. We instructed the court to determine, after considering further evidence as it deemed appropriate, whether there was a "live" controversy between the City of Greenville and at least some members of the class Satterwhite sought to represent. If it found such a controversy, the district court was then to determine whether class certification was appropriate and, if so, who should litigate the class claims.

■■ The *Satterwhite* case is sufficiently analogous to the one here to warrant similar instructions. We emphasize, however, that *Geraghty* and *Roper* (and perhaps *Satterwhite*) suggest simply that the status of the individual claims is not dispositive of the class claims. A different question, however, concerns the characteristics of the named plaintiff as representative of the class. It is well established that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members" in order to satisfy the requirements of Fed.R.Civ.P. 23(a). *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1976). In *Rodriguez*, the Supreme Court held that the named plaintiffs were not proper representatives because, *inter alia*, they lacked the qualifications for the positions they sought and thus

could not have been injured by the alleged discriminatory employment practices. The Court dismissed the class claim and concluded:

> We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs. Common questions of law or fact are typically present. But careful attention to the requirements of Fed.R.Civ.P. 23 remains nonetheless indispensable. The mere fact that a complaint alleges racial or ethnic discrimination does not itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination.

*Id.* at 405–406, 97 S.Ct. at 1897–98. Similarly, the district court here has found, and we have affirmed, that Rhoades and Lowery were not qualified for the jobs they sought, and thus that they did not suffer from the alleged discriminatory . employment practices. Although it would be inappropriate for the district court to dismiss the class complaint because the plaintiffs' individual claims have been adjudicated, the district court could dismiss the class complaint if it found that the plaintiffs lacked a sufficient nexus with the class to be one of its members.

The district court, however, refused to certify the class for a different reason. It found that the plaintiffs failed to satisfy the numerosity and typicality requirements of Rule 23. On remand, the court should reconsider its finding. Numerosity means number in the class but, although classes with relatively few members have been certified, *see, e. g. Hebert v. Monsanto Co.*, 576 F.2d 77, 80 (5th Cir. 1978) (in which the court stated that it "would be prepared to hold that forty members constituted a sufficiently numerous class to satisfy Rule 23 . . . ."), courts should be cautious when relying on precedent because it involves a class of a particular size. *See* 7 C. Wright & A. Miller, Federal Practice & Procedure § 1762 (1972). Nevertheless, there is evidence in the record indicating that the purported class, defined in the complaint as

including all black and female applicants for employment at Jim Dandy and all those who would have applied but for Jim Dandy's allegedly discriminatory employment and recruitment practices, includes at least three hundred members. The district court did not indicate why it found that Rhoades and Lowery failed to satisfy the numerosity requirement; thus we are reluctant to find an abuse of discretion and directly overrule its order. Rather, we instruct the court to reconsider its finding.

Finally, the district court found that Rhoades and Lowery failed to establish that there were questions of law or fact common to the class. In *Hebert v. Monsanto*, 576 F.2d at 80, we examined another district court's finding of insufficient typicality in a class action discrimination context. We said:

> Of course, although there need not be identity of claims, there must be common elements of law or fact such that the class action would be an economical way of prosecuting and defending claims .... We recognize, however, that the typicality requirement is not so rigid as to comprehend only similar fact situations .... It would be a better test for typicality to consider whether the types of facts or evidence were typical of the class .... The common goal of this evidence is the proof of the question of fact common to all of the class members, the company-wide policy to discriminate.

Again we are reluctant to find an abuse of discretion by the district court, because there is no indication why it found a lack of typicality. Thus, on remand, we instruct the district court to reconsider this finding as well. We emphasize that it has often been said that "suits alleging racial or ethnic discrimination are often by their very nature class suits, evidencing classwide wrongs. Common questions of law or fact are typically present. *East Texas Motor Freight v. Rodriguez*, 431 U.S. at 405, 97 S.Ct. at 1897; *see Huff v. N.D. Cass Co.*, 485 F.2d at 713–14.

The district court's order dismissing Walker's claim is thus reversed, the order dismissing Rhoades' and Lowery's individual claims is affirmed, and the class action issue is remanded for further consideration consistent with this opinion. REVERSED in part; AFFIRMED in part, and REMANDED in part.