**Willie M. WALKER, et al., Plaintiffs,**

**Willie Rhoades and Bobbie P. Lowery, Plaintiffs-Appellants,**

v.

**The JIM DANDY COMPANY, Defendant-Appellee.**

No. 83-7334.

United States Court of Appeals, Eleventh Circuit.

Dec. 4, 1984.

Reeves & Still, Susan Reeves, Robert L. Wiggins, Jr., Birmingham, Ala., for plaintiffs-appellants.

Constangy, Brooks & Smith, Chris Mitchell, Carol Sue Nelson, Birmingham, Ala., for defendant-appellee.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

HATCHETT, Circuit Judge:

In this Title VII class action suit, we review the district court's order denying appellants' motion for class certification and intervention. We affirm in part and reverse and remand in part.

### Facts

On August 28, 1974, Willie M. Walker filed a complaint alleging racial discrimination against him by appellee, The Jim Dandy Company (Jim Dandy). In this complaint, appellants, Willie Rhoades and Bobbie P. Lowery, females, also alleged that Jim Dandy engaged in sexual discriminatory employment practices in its refusal to hire them. Rhoades and Lowery sought to represent a class of females similarly situated.

On May 25, 1977, the district court entered an order denying appellants' motions for class certification. In doing so, the court held that appellants had not established that the class was so numerous that joinder of all members was impractical, or that questions of law or fact existed common to the class.

The district court granted Jim Dandy's motion for partial summary judgment against Walker. In addition, the court concluded that Walker's section 1981 suit was barred by the statute of limitations, and that the court did not have jurisdiction to hear Walker's Title VII claim. Therefore, only the individual claims of Rhoades and Lowery were tried. The district court entered a final judgment for Jim Dandy against Walker, Rhoades, and Lowery.

On appeal, the former Fifth Circuit reversed the district court's decision concerning Walker's Title VII claim, and affirmed the judgment of the district court on Rhoades's and Lowery's individual claims. In addition, the former Fifth Circuit remanded the class certification issue for further consideration. *Walker v. The Jim Dandy Co.*, 638 F.2d 1330, 1336 (5th Cir. 1981). Subsequently, on December 16, 1982, appellant, Elizabeth Pruitt, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, filed a motion for permissive intervention as a party plaintiff.

On remand, the district court scheduled a class certification hearing for January 6, 1983. At this hearing, the district court refused to certify the class and dismissed, with prejudice, the individual claims of appellants, Rhoades and Lowery. The court also denied appellant, Elizabeth Pruitt's, motion to intervene individually and on behalf of all female applicants for employment, all female employees of Jim Dandy, and all females who would have applied for employment with Jim Dandy. The court tried Walker's claim on its merits and dismissed it for lack of evidence of discrimination. No racial discrimination claims remain in the lawsuit. This appeal ensued upon certification pursuant to 28 U.S.C.A. § 1292(b).

### Discussion

#### I. Class Certification

■ Appellants' first contention is that the district court, 97 F.R.D. 505, erred in refusing to certify this action as a class action. "[A] Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a)[1] have been satisfied." *General Tele-*

---

1. Rule 23 of the Federal Rules of Civil Procedure provides in part:

    (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative

*phone Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2373, 72 L.Ed.2d 740 (1982). It has long been the law that questions concerning class certification are left to the sound discretion of the district court. *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1347 (11th Cir.1983); *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1038–39 (5th Cir.1981).

■ Accordingly, this court will not reverse a district court's decision on class certification absent an abuse of its discretion. *Ezell v. Mobile Housing Board,* 709 F.2d 1376, 1379 (11th Cir.1983). In light of these principles, we review the certification ruling of the district court.

■ A litigant seeking to maintain a class action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C.A. §§ 2000e–2000e–17 (West 1981), must meet "the prerequisites of numerosity, commonality, typicality, and adequacy of representation" specified in rule 23(a). *General Telephone Co. of Northwest v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980). For all practical purposes, these requirements effectively "limit the class claims to those fairly encompassed by the named plaintiffs' claims." *General Telephone Co.,* 446 U.S. at 330, 100 S.Ct. at 1706.

In resolving this class certification issue, the district court correctly concluded that the Supreme Court's recent decision in *General Telephone Company of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), controls. Mariano Falcon was a Mexican-American employee of General Telephone of Southwest.

He brought suit under Title VII challenging the hiring and promotion practices of his employer. Falcon individually claimed that the company refused to promote him because of his national origin.

The district court determined that Falcon was a proper representative for the class. The court thereafter certified the class as all Mexican-Americans who had applied for employment or were employed by the company in a specified division. The former Fifth Circuit held that the district court did not abuse its discretion in certifying the class. *Falcon v. General Telephone Co. of Southwest,* 626 F.2d 369, 376 (5th Cir.1980).

The Supreme Court, however, granted certiorari to decide whether the class action was properly maintained on behalf of both employees who were denied promotion and applicants who were denied employment. In resolving this issue, the Court stated that the plaintiff's complaint provided an insufficient basis for determining whether the adjudication of his discrimination in promotion claim would require the resolution of any common question of law or fact concerning the failure of the employer to hire more Mexican-Americans. The Court concluded that the district court erred in finding that Falcon's claim was typical of other claims against the employer by Mexican-American employees and applicants, without pinpointing questions of law or fact that were common to the claims of Falcon and the members of the potential class. *Falcon,* 457 U.S. at 158–59, 102 S.Ct. at 2371–72.

While deciding *Falcon,* the Court also examined its prior decision in *East Texas*

---

parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole....

*Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). *Rodriguez* was a Title VII action brought by three Mexican-American city truck drivers. On appeal, the Fifth Circuit certified a class composed of the trucking company's black and Mexican-American city drivers allegedly denied, on racial or ethnic grounds, promotions to more coveted line-driver positions. On review, the Supreme Court held that the Court of Appeals "plainly erred in declaring a class action." *Rodriguez,* 431 U.S. at 403, 97 S.Ct. at 1896.

The Court based this holding on the fact that the named plaintiffs were not qualified for line-driver positions when the class was certified. Therefore, they could have suffered no injury as a result of the allegedly discriminatory practices; thus, they were simply not eligible to represent a class of persons who did allegedly suffer injury. *Falcon,* 457 U.S. at 156, 102 S.Ct. at 2370 (quoting *Rodriguez,* 431 U.S. at 403–04, 97 S.Ct. at 1896–97). After noting that the holding in *Rodriguez* was limited, the Court, in the same breath, reiterated that careful attention to the requirements of rule 23 is indispensable. The Court also emphasized that mere allegations of racial or ethnic discrimination do not, in and of themselves, ensure that the party bringing the lawsuit will be an adequate representative of those who may be the real victims of discrimination. *Falcon,* 457 U.S. at 156–57, 102 S.Ct. at 2370–71 (citing *Rodriguez,* 431 U.S. at 405–06, 97 S.Ct. at 1897–98).

In the present case, the district court found, and the former Fifth Circuit affirmed, that appellants, Rhoades and Lowery, were not qualified for the jobs they sought, and thus, they suffered no injury as a result of the alleged discriminatory practices. *Walker v. The Jim Dandy Co.,* 638 F.2d 1330, 1335 (5th Cir.1981). Furthermore, this court's predecessor, when deciding *Walker,* clearly stated that "the district court could dismiss the class complaint if it found that the plaintiffs lacked a sufficient nexus with the class to be one of its members." *Walker,* 638 F.2d at 1335.

On remand, the district court properly conducted an evidentiary hearing on the propriety of the litigation proceeding as a class action. *Ezell v. Mobile Housing Board,* 709 F.2d 1376, 1380 (11th Cir.1983); *Jones v. Diamond,* 519 F.2d 1090, 1098 (5th Cir.1975). At the conclusion of the hearing, the district court found, as a matter of fact and law, that appellants, Rhoades and Lowery, could not represent a class including female applicants for employment and employees of Jim Dandy because their individual claims were nonexistent. Moreover, the district court found that the plaintiffs lacked a sufficient nexus with the class to be one of its members. The court reasoned that because Rhoades and Lowery were applicants for supervisory positions, they did not sufficiently identify with other applicants for lower level labor jobs or employees complaining of disparate job assignments or pay. We agree.

Appellants and Willie M. Walker allege in their complaint that pursuant to Federal Rule of Civil Procedure 23(b)(2) they commenced this suit on behalf of:

> [All] past, present and future black and female applicants for employment and black and female employees of the Jim Dandy Company and on behalf of those persons in the past, present or future who would have applied for employment with the Jim Dandy Company but for the defendant's racially and sexually discriminatory recruitment and employment practices and reputation therefor.

Walker, however, sought to represent the putative class of black discriminatees; appellants, Rhoades and Lowery, petitioned the court for certification to represent a putative class of females similarly situated. More specifically, appellants sought to represent actual female applicants for employment, deterred female applicants for employment, and female employees of Jim Dandy.

In the complaint, appellants allege, in pertinent part, that among the company's discriminatory acts are the following: "(a) The defendant discriminates on the basis of

sex ... against ... women in *recruitment, assignment, hiring, transfer* and *promotion.*" (Emphasis added.) Correspondingly, appellants sought to represent a class of females alleging discriminatory acts in recruitment, assignment, hiring, transfer, and promotion.

■ We find that the district court correctly concluded that this case is governed by *General Telephone Company of the Southwest v. Falcon.* Following *Falcon* and *Rodriguez,* we hold that appellants' complaint provided an insufficient basis for concluding that the adjudication of appellants' claim of discrimination in *hiring* supervisory employees would require the resolution of common questions of law and fact concerning Jim Dandy's discriminatory practices in *recruitment, job assignment, transfer,* and *promotion.* We also conclude that the district court did not abuse its discretion in dismissing the class complaint once it found that Rhoades and Lowery lacked a sufficient nexus with the class to be one of its members. *See Walker v. The Jim Dandy Co.,* 638 F.2d at 1335. Finding no error, we affirm the district court's order dismissing the class action complaint.

II. Appellant Pruitt's Motion to Intervene

■ Appellant, Elizabeth Pruitt, contends that the district court abused its discretion in denying her motion to intervene pursuant to Federal Rule of Civil Procedure 24(b).[2] Under that rule, one is entitled to permissive intervention when his claim or defense and the main action have a question of law or fact in common. In

exercising its discretion, the court shall consider, among other things, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *EEOC v. Eastern Airlines, Inc.,* 736 F.2d 635 (11th Cir.1984). The district court denied Pruitt leave to intervene on four grounds: (1) untimeliness; (2) prejudice to the original parties; (3) the failure to file an EEOC charge; and (4) the absence of a viable case to intervene into. We will address each of these grounds in turn.

A. Timeliness

■ The district court denied Pruitt's motion to intervene on the ground that it was untimely filed. The question of timeliness lies within the district court's discretion; thus, we review the court's action only for an abuse of discretion. *Howse v. S/V "Canada Goose I",* 641 F.2d 317, 320 (5th Cir. Unit B 1981); *Stallworth v. Monsanto Co.,* 558 F.2d 257, 263 (5th Cir.1977).

■ In assessing timeliness, a district court must consider four factors: (1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his position is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely. *Stallworth,* 558 F.2d at 264–66.

**2.** Federal Rule of Civil Procedure 24(b) provides:

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order ad-

ministered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

We have unequivocally held that this analysis applies to both intervention of right and permissive intervention under Federal Rule of Civil Procedure 24. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387, 97 S.Ct. 2464, 2466, 53 L.Ed.2d 423 (1977); *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). The district court, in its memorandum opinion, considered, in a general manner, the aforementioned factors (1) and (2). The district court, however, failed to consider the extent of prejudice to Pruitt if her petition were denied, and the existence of unusual circumstances militating either for or against a determination that the application is timely. *See Stallworth*, 558 F.2d at 264–66.

" 'Timeliness' is not a word of exactitude or of precisely measurable dimensions." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970). While the question whether an application for intervention is timely is largely committed to the discretion of the district court, an analysis of the provisions of rule 24, decisions of the Supreme Court, and this court's binding precedent authorize us to articulate the metes and bounds of the district court's discretionary power. In doing so, we reiterate the former Fifth Circuit's pronouncement that the four factors enunciated by the *Stallworth* court "*must* be considered in passing on the timeliness of a petition for leave to intervene" [emphasis added]. *Stallworth*, 558 F.2d at 264 (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 387, 97 S.Ct. 2464, 2466, 53 L.Ed.2d 423 (1977)); *SEC v. Tipco, Inc.*, 554 F.2d 710, 711 (5th Cir.1977); *Smith Petroleum Service, Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1115 (5th Cir.1970).

■ Thorough review of the record fails to reveal that the district court gave due consideration to the four factors articulated in *Stallworth*. Because the district court denied, as untimely, Pruitt's motion to intervene without considering all four of the factors specified in *Stallworth*, we hold that the district court clearly abused its discretion. Accordingly, we remand this intervention issue to the district court for a determination consistent with this opinion.

## B. Other Grounds

The district court also denied Pruitt's motion on the grounds that intervention would cause prejudice to the original parties, that Pruitt had failed to file an EEOC charge, and that no viable case existed for Pruitt to intervene into. As noted above, the district court considered *Stallworth* factor number 2 which involved the degree of prejudice to the existing parties as a result of Pruitt's failure to move to intervene earlier. Without rendering judgment on the merits of the court's finding, we hold that this consideration alone is an insufficient ground for denial.

■ In *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir.1968), we held that each member of a class need not file an EEOC charge as a prerequisite to join a Title VII suit as long as at least one named plaintiff had filed such charges. *Oatis*, 398 F.2d at 499. We, however, extended *Oatis* to non-class suits in *Wheeler v. American Home Products Corp.*, 582 F.2d 891, 897 (5th Cir.1977), where we held that similarly situated intervenors who had not filed EEOC charges nevertheless could assert backpay claims if one or more of the original plaintiffs had filed timely charges. *Wheeler*, 582 F.2d at 897. Since Rhoades and Lowery had filed a timely EEOC charge and the court was considering the class certification issue, we hold that Pruitt did not have to file an EEOC charge as a prerequisite to intervene in this Title VII suit. Furthermore, since Rhoades and Lowery filed a timely notice of appeal and the case was before the district court at a duly scheduled hearing, we hold that Pruitt had a viable case to intervene into.

## Conclusion

In sum, we hold that the district court did not abuse its discretion in refusing to

certify this action as a class action. Thus, we affirm the district court's order on this issue. As for Pruitt's motion to intervene, we hold that the district court strayed beyond the legal metes and bounds of its discretion when it failed to consider all four of the *Stallworth* factors in deciding whether Pruitt's motion to intervene was timely. Accordingly, we reverse the district court and remand this issue to the court for a determination consistent with this opinion.

AFFIRMED IN PART and REVERSED and REMANDED IN PART.

James C. Hill, Circuit Judge, filed dissenting opinion.