**TRW ENVIRONMENTAL SAFETY SYSTEMS, INC., Petitioner,**

v.

**The UNITED STATES, Defendant,**

**and**

**Bechtel National, Inc., Defendant–Intervenor.**

**No. 747–88C.**

United States Claims Court.

March 22, 1989.

Kenneth B. Weckstein, Washington, D.C., attorney of record, for petitioner.

Gordon D. Kromberg, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

Lawrence M. Farrell, Washington, D.C., attorney of record, for defendant-intervenor.

## MEMORANDUM ORDER

REGINALD W. GIBSON, Judge.

### INTRODUCTION

The present matter is before the court on Systems Engineering and Management Company's (SEMCO) motion to intervene (dated March 16, 1989) as a party plaintiff in subject case. Like petitioner TRW, SEMCO was an unsuccessful bidder on the Systems Engineering, Development and Management (SEDM) contract under Request for Proposal No. DE–RP01–88RW00134 (the RFP). Petitioner offers no objection to the motion. Defendant, upon learning at oral argument that SEMCO may raise new issues in the case, stated its opposition. The defendant-intervenor also opposes the motion and has filed an opposition brief with the court.

Following oral argument on SEMCO's motion to intervene, the court, deeply troubled by SEMCO's extreme delay in filing this motion, took the matter under advisement. For the reasons set forth herein, we are constrained to deny SEMCO's motion.

### STATEMENT OF THE CASE

A thorough discussion of the facts is contained in the court's opinion of even date granting TRW's motion for a preliminary injunction. 16 F.Supp. 520 Briefly, three offerors—Bechtel National, Inc. (Bechtel), TRW Environmental Safety Systems (TRW), and SEMCO—submitted proposals in response to the RFP. Each of the three parties was notified by the Department of Energy (DOE) on December 9, 1988, that Bechtel was selected for negotiation leading to award of the SEDM contract.

TRW, claiming that its proposal was not evaluated fairly or in accordance with applicable laws, filed a complaint in this court on December 23, 1988, requesting, *inter alia*, injunctive relief in the form of a court order directing DOE to award the SEDM contract to TRW. As counsel for SEMCO has represented, SEMCO was aware of the fact that TRW had filed a complaint within three to five days after the fact, but did not intervene at that point in the litigation. Rather, SEMCO requested a debriefing and received one on December 16, 1988. Not fully satisfied with the DOE's explanation as to why its proposal was not evaluated more favorably, SEMCO requested a second debriefing, which was held on December 29, 1988. SEMCO then requested a meeting with the DOE source selection official who actually made the selection. No response was received by SEMCO.

On February 13, 1989, TRW filed in this court a motion for a preliminary injunction. Three days later, on February 16, Bechtel, the successful bidder, filed a motion to intervene as a party defendant, which the court granted. The court held an expedited hearing on the motion for a preliminary injunction from March 3 through 7, 1989, including all of a Saturday afternoon, and issued its bench decision granting the preliminary injunction on March 8, 1989, subsequently followed by a written opinion. A hearing on TRW's motion for a permanent injunction was expeditiously scheduled to begin on March 30, 1989, leaving the parties only a short time to prepare their respective cases.

On March 16, 1989, SEMCO filed this motion to intervene as a party plaintiff under RUSCC 24(a), Intervention as of Right. Oral argument was heard on March 20, and the court took the matter under advisement. Thereafter, on March 21,

1989, the court telephonically advised the parties of the court's ruling on subject motion to intervene. This memorandum memorializes that verbal order.

### DISCUSSION

■ A motion to intervene, whether under Rule 24(a), intervention as of right, or Rule 24(b), permissive intervention, *must* be timely. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973). "If it is untimely, intervention must be denied." *Id.* These Rules of the United States Claims Court, however, must "be construed to secure the just, speedy, and inexpensive determination of every action." RUSCC 1. In determining whether a motion is timely, the court must carefully consider "all of the circumstances." *Id.* at 366, 93 S.Ct. at 2603. The

court finds useful the following guidelines established by the Court of Appeals for the Eleventh Circuit in determining whether a motion to intervene is "timely":

1. Period of time during which the would-be intervenor knew or should have known of its interest in the case before its motion was filed;

2. Prejudice to existing parties as a result of delay in moving for intervention;

3. Extent of prejudice to the would-be intervenor if its motion is denied; and

4. Presence of unusual circumstances.

*See Walker v. Jim Dandy*, 747 F.2d 1360, 1365–66 (11th Cir.1984).

■ As to the first element, the court notes the following timetable of events:

| Date | Activity |
|------|----------|
| December 9, 1988 | DOE announced selection of BSMI; |
| December 23, 1988 | TRW filed its complaint in this court; |
| December 25–28, 1988 | As represented by SEMCO's counsel, SEMCO learned of TRW's complaint, which included a prayer for injunctive relief directing award of the SEDM contract to TRW; |
| February 13, 1989 | TRW filed its motion for a preliminary injunction; |
| February 16, 1989 | Bechtel moved to intervene as party-defendant; |
| March 3–8, 1989 | Court held hearing on preliminary injunction; |
| March 9, 1989 | Court granted preliminary injunction (bench ruling); |
| March 16, 1989 | SEMCO moved to intervene as party-plaintiff. |

SEMCO knew by December 28, 1988, at the latest, that TRW had filed a complaint seeking, *inter alia,* injunctive relief directing DOE to award the contract to TRW. At this point, it was apparent to SEMCO, *i.e.,* they then actually knew, that its interest was substantially in conflict with that of TRW even though both parties, presumably, sought to prevent DOE from awarding the SEDM contract to Bechtel.

Aside from an allegation of some yet unstated regulation that the DOE may have violated in not re-opening the bid process after submitting questionnaires to the offerors following their submissions of

best and final proposals, SEMCO has alleged that its interest is different from that of TRW only in that TRW has asked that it be awarded the contract. This conflict, however, has been known to SEMCO since December. SEMCO was well aware during this time that these proceedings were being expedited and that, at the filing of its motion, extensive litigation, including, but not limited to, broad discovery of every mode; an expedited hearing on TRW's motion for preliminary injunction; the court's ruling from the bench; and the court's preparation for dissemination of a detailed written opinion on the motion for preliminary in-

junction, had already taken place. Yet, SEMCO made no effort whatever to intervene for approximately 84 days (December 23, 1988 through March 16, 1989).

Secondly, the court finds that defendant-intervenor Bechtel and the defendant, who both opposed SEMCO's motion, would be prejudiced to a significant extent should SEMCO be allowed to intervene at this late juncture. This is so because the parties have only nine (9) working days remaining before the hearing on the permanent injunction. It is this particular aspect of SEMCO's unjustified delay that most troubles the court.

SEMCO has expressed a need to depose witnesses and submit document requests. In this connection, it is unclear as to the overall scope of the intended discovery. Clearly then, additional discovery, at this late date, would have to be had by SEMCO, both the defendants, and possibly even TRW. SEMCO's counsel undoubtedly has an obligation to prosecute his client's interest to the fullest extent possible and, therefore, cannot ensure against having to greatly prolong the hearing with issues that the existing parties would not have been able to fully prepare. Thus, the defendants would have to focus primarily all of their efforts *on SEMCO's case* for the balance of the remaining days before trial, which would unquestionably greatly hinder their ability to *effectively* prepare for TRW's case.

Thirdly, and in contrast to the above-stated considerations, SEMCO would not appear to be substantially prejudiced by a denial of its motion, for SEMCO retains its right to bring a separate action. While such a circumstance may be said to pose a burden on the defendant in that it may have to defend its actions twice, the defendant, being fully aware of this possible scenario, still opposes this motion, at least conditionally. While the court believes that the tardy intervention by SEMCO, as opposed to a separate action, will perhaps speed the ultimate disposition of the collective issues facing the defendant regarding this SEDM contract, such intervention will substantially prejudice the defendants, particularly defendant-intervenor. It is, therefore, the opinion of the court that any prejudice to SEMCO in having its motion denied is far outweighed by the prejudice to the defendants should the motion be granted.

Finally, as to the fourth element of "timeliness," the presence of unusual circumstances, the court notes that this proceeding must go forth expeditiously, as great costs are being incurred by both the government and BSMI every day that the contract is not awarded. The unusual circumstances are further indicated by the fact that, here, SEMCO itself has generated the substantial harm which undoubtedly will be visited upon Bechtel and, most likely, the government. It is a fundamental equitable principle that "he who comes into equity must come with clean hands," *Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1517 (7th Cir.1984); "he who seeks equity must do equity," *Tuftco Corp. v. United States*, 222 Ct.Cl. 277, 288, 614 F.2d 740, 753 (1980); and "equity aids the vigilant, not those who sleep on their rights," *Mikulec v. United States*, 705 F.2d 599, 602 (2d Cir.1983). Thus, as between Bechtel and SEMCO, by granting the motion, the former would clearly be *substantially* prejudiced, and, by denying the motion, the latter could arguably experience a modicum of prejudice. However, since SEMCO, by its lack of vigilance, knowingly caused this dilemma, it, rather than Bechtel, should, of course, bear the burden.

## CONCLUSION

The court is, therefore, unwilling to place such an onerous and additional burden on the existing parties at this late stage of the proceedings, particularly where, as here, said burden directly stems from SEMCO's own inaction. We believe that to allow SEMCO to intervene, under these circumstances, would compromise the ability of the parties to effectively and competently present their cases. This the court will not permit on these facts.

For the foregoing reasons, SEMCO's motion to intervene as a party plaintiff is HEREBY DENIED.

IT IS SO ORDERED.