Kathleen NEWBY, etc.,
Plaintiff-Appellant,

and

Laura Cook, Intervenor-Appellant,

v.

Marlin JOHNSTON, etc., et al.,
Defendants-Appellees.

No. 81–1308.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1982.

James W. Piper, Freddy J. Fuchs, Austin, Tex., for plaintiff-appellant.

Martha H. Allan, Asst. Atty. Gen., Austin, Tex., for Chapman, Moore, Bray & Jimenez.

Anne Sobol, Anthony J. Steinmeyer, Bruce G. Forrest, Appellate Staff, U. S. Dept. of Justice, Washington, D. C., for Pierce, et al.

Before THORNBERRY, REAVLEY and RANDALL, Circuit Judges.

THORNBERRY, Circuit Judge:

At the time this action was filed, plaintiff Kathleen Newby received benefits under two cooperative federal-state welfare programs: the Federal Section 8 Housing Assistance Payments Program (Section 8) and Aid to Families with Dependent Children (AFDC). Under the Texas AFDC program, plaintiff's AFDC benefits were reduced by the amount of her Section 8 cash allowance for utilities, so plaintiff filed suit against various federal, state, and local officials alleging that this practice was either unconstitutional or inconsistent with federal law. Plaintiff also sought to bring her claims on behalf of a class consisting of "all AFDC recipients in the State of Texas who participate in the Section 8 housing assistance program and receive cash utility allowances

with the result that their AFDC grant is reduced."

However, in September 1979, the Housing Authority of the City of Austin—one of the named defendants and the agency that issued plaintiff's Section 8 allowance—changed its policy for utility subsidy payments. Rather than paying the utility allowance to the beneficiary in cash, the Housing Authority began to issue checks jointly to the beneficiary and the utility company. Because of this new policy, the administrators of the Texas AFDC program decided that the joint payments were not income to the beneficiary and thus would not be used to reduce the beneficiary's AFDC grant. The defendants then moved to dismiss plaintiff's suit as moot.

In the meantime, an AFDC and Section 8 beneficiary from San Marcos, where the local housing authority still issued cash utility allowances, filed her own suit presenting claims identical to those raised by plaintiff. She named the same defendants, except that she named the Housing Authority of the City of San Marcos as the local defendant. She sought the same class certification for joint recipients of AFDC and Section 8 benefits. And she was even represented by the same attorneys before the same district court.

Shortly thereafter, the San Marcos plaintiff moved to intervene in the Austin suit as a new class representative. The district court took no action on any of the parties' motions, and for almost a year it stayed the case pending a possible administrative settlement.[1] When those settlement efforts failed, the court took the case under consideration, and on June 19, 1981, the court issued the following order dismissing the case:

> CAME ON to be heard this date, Defendant's Motions to Dismiss for Moot-

---

1. Although this delay may have been somewhat helpful in awaiting a possible settlement, it seems inordinately long in light of Rule 23's command to decide the class certification "as soon as practicable after the commencement of an action brought as a class action." Nevertheless, given the confusing posture of this case and the always hopeful possibility of settlement, we cannot say that the district court erred in delaying the certification determination for so long. We would anticipate that speedier action will be taken in the San Marcos suit after this appeal.

ness, and the Court, having considered the relevant authorities and all related Motions, finds that the Plaintiff does not have sufficient personal stake in the outcome of the litigation to assure that the case is in a form capable of judicial resolution. Therefore, the motions are GRANTED and this cause is dismissed. (Emphasis added). By this order, the court therefore denied both class certification and the intervention of a new plaintiff. *See Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir.), *cert. denied*, — U.S. ——, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion."). The dismissal did not adversely affect the San Marcos suit, and it remains pending on the district court docket.

On this unusual set of facts, we are now asked to decide whether the district court erred in denying class certification and intervention. Of course, "it is axiomatic that the decision to or not to certify a class is discretionary, and the determination of the trial court should stand absent an abuse of discretion." *Walker v. Jim Dandy Co.*, 638 F.2d 1330, 1334 (5th Cir. 1981). Similarly, the question of permissive intervention should be allowed to stand unless the court committed a clear abuse of discretion. *See Korioth v. Briscoe*, 523 F.2d 1271, 1278–79 (5th Cir. 1975).[2] Because of this discretion

entrusted to the district court, we are compelled to affirm its decision. While we might not agree with its handling of the case, we cannot say that the court abused its discretion in acting as it did.

■ We agree with plaintiff that the mootness of her claim did not necessarily preclude class action by her. *See United States Parole Comm'n v. Geraghty, supra*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479. We also agree that ordinarily the district court must take some action to find an appropriate class representative if it finds the named plaintiff to be inadequate. *See Satterwhite v. City of Greenville, supra*, 634 F.2d at 231. But as plaintiff fails to note, we can only review these actions for an abuse of discretion. On the facts of this case, we can find no such abuse: the district court simply decided to dismiss a case in which the plaintiff's claim has been mooted and to allow the claims to proceed in an almost identical case in which the other plaintiff's case was still live. This effort to avoid duplicative litigation surely falls within the court's discretion, particularly when it does not disserve the purposes of the class action.

The primary purposes of the class action device are twofold. "By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be

**2.** There is currently some question whether intervention in class actions should be treated under the principles applicable to intervention generally. A noted commentator has stated that "[i]ntervention in class actions is governed by the same principles as apply in any other proceeding." C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 1799 at 254. But given the recent emphasis on preserving the claims of the class even when the named plaintiff's claim becomes moot, we think that intervention in class actions may have an additional factor in its favor, at least under some circumstances. *See Satterwhite v. City of Greenville*, 634 F.2d 231, 231 (5th Cir. 1981) (en banc) ("If [the district court] should determine that the action is a proper class action but

[plaintiff] is not a proper class representative, it shall take such action as it may deem necessary to determine whether there is an appropriate class representative.") *Cf. United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (mootness of class representative's claim does not necessarily preclude class action by that representative). We think, though, that the case before us does not contain any circumstances in favor of more liberal intervention. As we will show below, neither intervention nor class certification in this case would serve the purposes of the class action; they therefore fall within the ordinary range of decisions governed by the district court's discretion.

too small to warrant individual litigation." *Eisen v. Carlisle & Jacqueline*, 391 F.2d 555, 560 (2d Cir. 1968) (*Eisen II*). In the case before us, the denial of class certification and intervention will not cause repetitious litigation, since the very same claims, including the class claims, are already pending in another suit before the court. The class has not been forced to pursue its claims on an individual basis; it has only been directed to seek class relief in another, almost identical suit with a "live" plaintiff as the proposed class representative. No harm or prejudice is caused by the dismissal, because the dismissal effectively did no more than change one suit with a mooted plaintiff into the same suit with an unmooted plaintiff and a different docket number. This procedure protects the interests of the potential class while allowing the district court to organize its docket more efficiently. Under these unique circumstances, we cannot say that the procedure was an abuse of discretion. We therefore affirm.

AFFIRMED.