Raymond J. DONOVAN, Secretary of Labor, U.S. Department of Labor

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO.

Appeal of Frank J. VALENTA.

No. 83–5178.

United States Court of Appeals, Third Circuit.

Argued Nov. 4, 1983.

Decided Nov. 15, 1983.

Rehearing and Rehearing In Banc Denied Dec. 12, 1983.

Samuel J. Mamich (argued), Warrensville Heights, Ohio, Robert Marcus, Pittsburgh, Pa., for appellant.

Kenneth Stein, Philadelphia, Pa., for U.S. Dept. of Labor.

Francis X. Lilly, Deputy Sol. of Labor, John F. Depenbrock, Associate Sol., Helene Boetticher, for Litigation, Dennis A. Paquette (argued), U.S. Dept. of Labor, Washington, D.C., for the Secretary of Labor.

James D. English (argued), Associate Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., Mark A. Rock, Schwarzwald, Robiner, Wolf & Rock, Cleveland, Ohio, for United Steelworkers of America; Bernard Kleiman, Chicago, Ill., of counsel.

Before ALDISERT, HUNTER and WEIS, Circuit Judges.

ALDISERT, Circuit Judge.

This appeal is from the denial of incumbent union officer Frank J. Valenta's motion to intervene in an action by the Secretary of Labor under Title IV of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 482(b), seek-

ing to set aside the election for the office of district director.[1] A number of questions relating to intervention are presented, but in the view we take, it will be necessary to review only the district court's determination that Valenta's motion to intervene was not timely.[2] For the purposes of our analysis we assume, without deciding, that intervention by the successful candidate in a contested election is permitted under the election enforcement provision of the LMRDA and that the requirements of Rule 24(a)(2), F.R.Civ.P., other than timeliness, were met.[3]

■ Central to intervention in any proceeding is that the motion to intervene be timely. In the exercise of its sound discretion, the district court determines timeliness after consideration of all the circumstances. We will reverse only for an abuse of discretion. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976).

■ This court set forth several factors in *Rizzo* to inform the district court's discretion in determining whether a motion to intervene is timely. *Id.* They include: (1) the stage of the proceedings when the movant seeks to intervene; (2) possible prejudice caused to other parties by delay; and (3) the reason for delay. *Id.* (quoting *Nevilles v. EEOC*, 511 F.2d 303, 305 (8th Cir. 1975)).

■ In the case at bar, the district court considered the factors and found against appellant on each of them. First, appellant did not seek to intervene until more than thirteen months after the complaint had been filed. All of the pre-trial work was complete at that time and the case was already scheduled for trial. Second, the court found that substantial prejudice could result to the other parties. We agree. The longer the proceedings are delayed, the longer the challenging candidate remains out of office and the longer the intervenor retains the office. Allowing intervention at this point would contravene Congress's interest in resolving challenges to union elections as quickly as possible. *See Dunlop v. Bachowski*, 421 U.S. 560, 569, 95 S.Ct. 1851, 1858, 44 L.Ed.2d 377 (1975). Third, the district court found that appellant offered no meaningful justification for his delay. Again, we agree. The excuses offered by appellant are not persuasive. He argues that he was awaiting the outcome of a second suit pending in federal court in the Northern District of Ohio, hoping it would be *res judicata* to the present one. That suit was dismissed for lack of jurisdiction. Appellant further argues that he delayed intervention until he could determine whether his interests were adequately represented. These arguments resemble evidence of tactical decisions; collectively and individually, they do not excuse the delay for intervention in the case here.

---

**1.** 29 U.S.C. § 482(b) provides:

The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization.

**2.** Other questions presented include whether an officer who had been successful in the election is permitted to intervene on the side of the defendant union under 29 U.S.C. § 482 and whether such officer has a right to intervene under the terms of Rule 24(a)(2), F.R.Civ.P.

**3.** Rule 24(a)(2), F.R.Civ.P. provides:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The judgment of the district court denying intervention will be affirmed.