**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Charles BYERS, Mark Wilson, and Peggy Ann Wilson, doing business as KLC Business Associates, Defendants.**

Civ. A. No. 84–2777.

United States District Court, W.D. Pennsylvania.

Nov. 26, 1985.

---

**300**

David Horowitz, Philadelphia, Pa., Asst. U.S. Atty. Albert Schollaert, Pittsburgh, Pa., for plaintiff.

John Olshock, Washington, Pa., for defendants.

George S. Gobel, McKeesport, Pa., for proposed intervening defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

This is an action brought by the Securities and Exchange Commission (SEC) against the three named defendants, doing business as KLC Business Associates, for the fraudulent sale of unregistered securities in violation of §§ 5(a), 5(c) and 17(a) of the Securities Act of 1933 (Securities Act), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), and § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (the Exchange Act). In its complaint, the SEC claims that the three named defendants sold unregistered securities under the name of CS Products from the end of 1982 or early 1983 until June of 1984. In August of 1984, defendant Charles Byers introduced a new company called Laser Development for which the defendants, doing business as KLC allegedly sold unregistered securities. The SEC contends that the defendants have obtained in excess of $700,000 from at least 340 investors through the use of materially false and misleading statements and omissions of material fact. Presently before the Court is a motion to intervene as defendants filed by 33 defendants who allegedly invested a total of $55,000 in an investment called "Esprit Travel." For the reasons that follow, the intervening defendants' motion is denied.

### Permissive Intervention

The basis of the intervening defendants' motion is that "they have a defense and counterclaim to plaintiff's claim presenting both questions of law and fact which are common to the main action." (Motion to intervene as defendants, p. 3 (docket entry No. 17)). The Court construes the intervening defendants' motion as one brought pursuant to Fed. R. Civ. P. 24(b)(2) which provides in pertinent part as follows:

*Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action:

\*   \*   \*   \*   \*   \*

(2) when the applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A motion to intervene, whether as of right or by permission, must be timely. *NAACP v. New York,* 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973); *Delaware Valley Citizens' Council v. Commonwealth of Pennsylvania,* 674 F.2d 970, 974 (3d Cir.1982). In *Janusziewicz v. Sun Shipbuilding & Dry Dock Co.,* 677 F.2d 286, 293 (3d Cir.1982), the Third Circuit instructed "that the timeliness of a petition to intervene must be determined from all the circumstances, including the purpose for which the intervention is sought and a likelihood of prejudice to those already in the case."

■■■■ In determining the timeliness of an intervention motion, the Third Circuit has articulated three factors which must be considered:

(1) How far the proceedings have gone when the movant seeks to intervene, (2) [the] prejudice which resultant delay might cause to the other parties, and (3) the reasons for the delay.

*In Re Fine Paper Antitrust Litigation,* 695 F.2d 494, 501 (3d Cir.1982) (*quoting Pennsylvania v. Rizzo,* 530 F.2d 501, 506 (3d Cir.), *cert. denied sub nom., Fire Officers Union v. Pennsylvania,* 426 U.S. 921,

96 S.Ct. 2628, 49 L.Ed.2d 375 (1976)). The Court will consider the intervening defendants' motion in accordance with the factors set forth by the Third Circuit.[1]

## A. Stage of the Proceedings

■■■ In the instant case, the complaint for a permanent injunction was filed by the SEC on November 20, 1984. The defendants, having consented to the relief requested by the SEC without admitting or denying the allegations of the complaint, and upon a determination by the Court that the relief requested by the plaintiff was warranted, entered an order granting a preliminary injunction and freezing defendants' assets on the same day. (Docket entry No. 5). On April 8, 1985, the Court ordered that all funds being held in the Pittsburgh National Bank in the name of KLC Business Associates be transferred to an interest bearing money market deposit account in the name of KLC. (Docket entry No. 9). On June 7, 1985, the Court, upon consent of the parties, entered a final judgment and order permanently enjoining the defendants from engaging in acts which would constitute violations of the registration and antifraud provisions of the Securities Act and the Exchange Act. The Court retained subject matter jurisdiction over this case, for the purpose of administering the collection and distribution of assets to investors. (Docket entry No. 12). On August 26, 1985, the Court ordered that plaintiff submit a proposed plan of distribution to the Court by October 15, 1985, and to all known investors on or before the same date. Any objections to the proposed plan of distribution were to be filed with the Clerk of Courts for the United States District Court for the Western District of

---

1. Where an applicant seeks to intervene as of right, the burden is on the applicant to demonstrate his entitlement to intervene under the rule. *Hoots v. Commonwealth of Pennsylvania,* 672 F.2d 1133, 1135 (3d Cir.1982); *Olden v. Hagerstown Cash Register, Inc.,* 619 F.2d 271, 273 (3d Cir.1980) (*per curiam*). The Court believes that similarly the burden is on the intervenor where it seeks to intervene pursuant to Fed.R.Civ.P. 24(b)(2). *See Rhode Island Federation of Teachers, AFL–CIO v. Norberg,* 630 F.2d 850, 855 (1st Cir.1980).

In *Jones v. Caddo Parish School Board,* 735 F.2d 923, 927 (5th Cir.1984), the Fifth Circuit stated that where the facts justifying the conclusion that the application is untimely is undisputed and apparent on the face of the record, intervention may be denied on this ground without a hearing. Neither party has requested a hearing in this case and, further, since the Court is denying defendants' motion on several grounds, it does not feel that a hearing is necessary in this case.

Pennsylvania no later than November 25, 1985. The Court scheduled a hearing for December 19, 1985, at 9:30 a.m., at which time any investor who wishes to object to the proposed plan who filed objections may appear before the Court to be heard on its objections. (Docket entry No. 16). On October 17, 1985, the intervening defendants filed the instant motion.

While the point to which a suit has progressed is only one factor for consideration, the Third Circuit has stated that a "motion for intervention after entry of a [consent] decree should be denied except in extraordinary circumstances." *Delaware Valley Citizens Council for Clean Air v. Commonwealth of Pennsylvania,* 674 F.2d at 974. At that point in the litigation, there is a presumption against intervention. *Id.* In the instant case, as noted, the Court entered a permanent injunction upon consent of the parties on June 7, 1985. While entry of a consent decree is not an absolute bar to intervention at this time, the intervening defendants have not stated any circumstances to overcome the presumption against intervention. *See Bolden v. Pennsylvania State Police,* 578 F.2d 912, 925 n. 7 (3d Cir.1978) (Garth, J., concurring in part and dissenting in part). Further, in *Donovan v. United Steelworkers of America,* 721 F.2d 126, 127 (3d Cir.1983), the Third Circuit upheld the denial of a motion to intervene which had been filed thirteen months after the complaint had been filed and the case was already scheduled for trial.

Two of the proposed intervening defendants, Charles Byers and Mark Wilson, are original defendants in this action; therefore, these parties had notice of the action as early as November 24, 1984, when the complaint was filed. The SEC also states that many of the proposed investors became aware of this suit in November of 1984 since interest payments on their investments ceased. Further, in July of 1985, pursuant to the Court's suggestion, the SEC gave public notice of this action by placing advertisements in local newspapers in Connellsville, Monongahela, Greensburg and Pittsburgh, Pennsylvania. All of the

intervening defendants are residents of these areas. Also, an investor information pamphlet detailing the SEC action was distributed to all investors in approximately January of 1985.

### B. Prejudice

In their motion, the intervening defendants have filed an answer and counterclaim. In their counterclaim, defendants claim that their investments comprise all or part of the $208,543.56 frozen by the Court. In their prayer for relief, they seek an order directing that the money be returned to the intervening defendants and individually allocated to them on a pro rata basis or that the money be separated from the total amount of funds impounded and forwarded to Traveler Agents International so that they can continue their investment in Esprit Travel. (Motion to intervene, counterclaim ¶ 1–¶ 3 (docket entry No. 17)). It is obvious that intervention at this stage would harm the other investors through dilusion of the recovered assets. The 384 investors have waited almost one year for a return of a portion of their investments. Certainly, "the interest and basic fairness to the parties and the expeditious administration of justice" militates against intervention at this point. *In Re Fine Paper Antitrust Litigation,* 695 F.2d at 500; *Pennsylvania v. Rizzo,* 530 F.2d at 507.

### C. Reason for Delay

Turning to the third factor, the intervening defendants have set forth no reason for the delay.

Based on the three factors set forth by the Third Circuit, the Court finds that the intervening defendants' motion is untimely.

In addition to the untimeliness of the intervening defendants' motion, the Court finds that the motion should be denied on other grounds. The thrust of the defendants' motion appears to be that they have invested additional money through KLC for which they seek compensation. Aside from Mark Wilson and Charles Byers, the remaining proposed intervenors are listed in

the SEC's proposed plan of distribution as defrauded investors. The SEC has stated that *all* investor funds were deposited and commingled in the KLC bank accounts including any investments in Esprit Travel. The Court has scheduled a hearing for December 19, 1985, at which time all investors can present their objections to the plaintiff's proposed plan. *See SEC v. Charles Plohn & Co.*, 448 F.2d 546, 549 (2nd Cir. 1971) (denial of motion to intervene affirmed because participation, including opportunity to submit proof and be heard on oral argument, was adequate). This certainly can be addressed by the Court at the hearing.

Further, at least where permissive intervention is sought, it has been held to be improper in an SEC enforcement action. In *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239–40 (2nd Cir.1972), the Second Circuit held that Rule 24(b) vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims. The Second Circuit noted as follows:

> There is some surface appeal to the claim that victims of securities fraud should be allowed to intervene in an SEC enforcement action based on the same fraud. As appellants here argue, they as intervenors would be able to take full advantage of the superior resources and investigative facilities of the SEC. They also might be spared much effort in presenting their case at trial. The federal courts consistently have favored vigorous enforcement of the securities laws through private actions. To allow private litigants to intervene in an SEC enforcement action might be said to conform to this policy.
>
> Despite the surface gloss of this argument favoring intervention, we hold that the district court did not abuse its discretion in denying permissive intervention. The SEC workload, despite its limited budget and staff, would be substantially increased if such intervention were allowed. Additional issues would have to tried in the main action. For example, a private litigant seeking damages would have to prove scienter and causation, element of proof not required in an SEC injunction action. Already complicated securities cases would become more confused and complex. The SEC can bring a large number of enforcement actions it does only because in all but a few cases consent decrees are entered. The intervention of a private plaintiff might tend to discourage or at least to complicate efforts to obtain a consent decree. We hold that the complicating effect of the additional issues and the additional parties outweigh any advantage of a single disposition of the common issues.

*Id.*, but see *SEC v. Flight Transportation Corp.*, 699 F.2d 943, 949–50 (8th Cir.1983) (intervention as of right allowed in SEC enforcement actions).

Based on the foregoing, defendants' motion is denied.

An appropriate Order will be issued.