NORCAL/CROSETTI FOODS, INC., PATTERSON FROZEN FOODS, INC., AND RICHARD A. SHAW, INC., EACH CALIFORNIA CORPORATIONS, PLANTIFFS *v.* U.S. CUSTOMS SERVICE, U.S. DEPARTMENT OF THE TREASURY, HON. NICHOLAS BRADY, SECRETARY OF THE TREASURY, JOHN DURANT, DIRECTOR OF COMMERCIAL RULINGS DIVISION FOR U.S. CUSTOMS SERVICE, AND HOWARD B. FOX, DIRECTOR OF OFFICE OF REGULATIONS AND RULINGS OF THE U.S. CUSTOMS SERVICE, DEFENDENTS, AND COVEMEX, S.A. DE C.V., MAR BRAN, S. DE R.L. DE C.V., EXPOHORT, S.A. DE C.V., VEGETALES CONGELADOS, S. DE P.R., AND CONGELADOS DON JOSE, S.A. DE C.V., APPLICANTS FOR INTERVENTION

Court No. 89-09-00495

(Dated October 15, 1990)

*Brownstein Zeidman and Schomer*, (*Irwin P. Altschuler, Donald P. Stein*) for applicants.

*Titchell Maltzman Mark Bass Ohleyer and Mishel* (*Robert Ted Parker*) for plaintiffs.

*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Susan Burnett Mansfield*), for defendants.

### MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge*: Covemex, S.A. de C.V., Mar Bran, S.A. de R.L. de C.V., Expohort, S.A. de C.V., Vegetales Congelados, S. de P.R., and Congelados Don Jose, S.A. de C.V. (collectively, "Covemex"), filed its motion to intervene as of right pursuant to CIT Rule 24(a)(2) on September 18, 1990. As discussed below, its motion is untimely and Covemex is invited to participate as *amicus curiae* pursuant to CIT Rule 76. Covemex's motion in the alternative for permissive intervention under CIT Rule 24(b)(2) is also denied as untimely.

Covemex's motion to intervene presents several issues:

1. Whether the motion is timely;
2. Whether, and to what extent the parties to the case may be prejudiced by intervention,
    a. due to delays for extra briefing,
    b. due to delays for pleading in conformance with the Court rules on intervention;
3. Whether Covemex would be prejudiced if not allowed to intervene;
4. Whether Covemex may intervene permissively; and,
5. Whether Covemex has standing to intervene.

The requirements for intervention as of right under CIT Rule 24(a)(2) are identical to those under Rule 24(a)(2) of the Federal Rules of

Civil Procedure (F.R.C.P.).[1] Therefore, cases construing the F.R.C.P. may be consulted when construing the Rules of this Court.[2]

The timeliness of an application for intervention must be evaluated in light of the totality of the circumstances before the court.[3] *Donovan v. United Steelworkers of America*,[4] instructs that courts should look at: "(1) the stage of the proceedings when the movant seeks to intervene; (2) possible prejudice caused to the other parties by delay; and (3) the reason for the delay."[5] In *Donovan*, the appellant/intervenor sought to intervene more than thirteen months after the complaint had been filed, after all pre-trial work was completed and the case was scheduled for trial. The district court denied the motion for intervention as untimely.

The *Donovan* district court found that substantial prejudice could result to the other parties if intervention was allowed, due to delays in the proceedings arising from intervention by a new party. Furthermore, the excuses given by the appellant/intervenor were unpersuasive, and "resemble[d] evidence of tactical decisions.* * *"[6]

*Walker v. Jim Dandy*[7], cited by Covemex, enumerates criteria for evaluating the timeliness of a motion to intervene:

> a. How long did the would-be intervenor know (or reasonably should have known) of his or her interest in the case before he or she petitioned for leave to intervene;
> b. The degree of prejudice to the existing parties as a result of his or her failure to intervene sooner;
> c. The extent of prejudice to the would-be intervenor if the motion is denied; and,
> d. any unusual circumstances militating either way concerning the timeliness of the motion.[8]

These criteria apply both to intervention as of right and permissive intervention, and they must be considered when timeliness of the motion is at issue.[9]

Applying these criteria to the facts in this case, the Court finds that the motion to intervene is untimely.

Covemex's motion to intervene comes long after it learned of this case. Covemex has been aware of this dispute since September 1988, when it apparently filed comments with the Customs Service defending the current country of origin marking requirements with respect to frozen vegetables. Covemex Brief, at 3. Five months later, Plaintiffs filed

---

[1] *Vivitar Corp. v. United States*, 7 CIT 165, 166-167, 585 F.Supp. 1415 (1984).

[2] *Vivitar Corp. v. United States*, 7 CIT at 166.

[3] *Farmland Dairies v. Commissioner of the N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2nd Cir. 1988).

[4] *Donovan v. United Steelworkers of Am.*, 721 F.2d 126 (4th Cir.), cert. den. 467 U.S. 1252, 104 S.Ct. 3535 (1984).

[5] *Donovan v. United Steelworkers of Am.*, 721 F.2d at 127.

[6] *Donovan v. United Steelworkers of Am.*, 721 F.2d at 127.

[7] *Walker v. Jim Dandy Co.*, 747 F.2d 1360 (11th Cir. 1984).

[8] *Walker v. Jim Dandy Co.*, 747 F.2d at 1365-66.

[9] *Walker v. Jim Dandy Co.*, 747 F.2d at 1365-66.

their complaint. Presumably, Covemex has followed the initial proceedings in this Court. Yet Covemex gives no reason or excuse why it waited eighteen months after the complaint was filed to intervene.

Covemex's only reason for not intervening sooner is that procedural and jurisdictional issues were being decided "which would have [had] little direct impact" on them. Covemex Brief, at 4. But these "issues" included accelerated scheduling of the briefing, which demonstrated this Court's interest in a quick resolution of the matter. Plaintiff has already filed its motion for summary judgment. Pre-trial work is almost complete and the case is close to final disposition.

This reason is unconvincing, and resembles a tactical decision by Covemex to reduce its costs protecting its perceived stake in the case.[10] Covemex could have easily intervened at the outset of the case, and joined in both the jurisdictional disputes and the scheduling of the briefing of the rest of the case, at little expense to itself. Had Covemex participated in the initial stages of the case, it would have been aware of the Court's desire to resolve this case with deliberate speed. Covemex chose not to, and moves to intervene now that the case is close to decision.

The other parties to the case may also be prejudiced if Covemex is allowed to intervene. *Spring Construction Co. v. United States*[11], cited by Covemex at p. 5 of its brief, holds that the most important consideration should be whether the delay in applying to intervene has prejudiced the other parties.

Prejudice to the existing parties is perhaps the most important factor in determining timeliness of a motion to intervene.[12] The parties to the case could be and likely would be prejudiced if Covemex's motion were granted. Covemex gives no reason to believe that they would comply with the briefing schedule, other than a conclusory statement that granting the motion to intervene would not cause any delay in the established briefing schedule. Covemex Brief, at 4. Presumably, Covemex means that it would not seek to extend the briefing schedule, but it does not say so.

In addition, Covemex has not complied with Rule 24(c)[13] of this Court, which requires a "pleading" setting forth the intervenor's claims. Covemex has not supplied any motion or other pleading explaining its claims, other than a memorandum of points and authorities in support of its motion for intervention, which does not suffice as a "pleading" within the meaning of Rule 24(c). As Plaintiffs point out, "[o]nly if

---

[10] *Donovan v. United Steelworkers of Am.*, 721 F.2d at 127.

[11] *Spring Construction Co. v. United States*, 614 F.2d 694, 701 (4th Cir. 1980).

[12] *Vivitar Corp. v. United States*, 7 CIT at 166-67.

[13] Rule 24(c) states in full:

(c) PROCEDURE

A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefore and *shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.* The same procedure shall be followed when a statute of the United States gives a right to intervene.

CIT Rule 24(c), (as amended 1988) (emphasis added).

'the alleged defect in the pleading is adequately cured without prejudice to the party opposing intervention,' will noncompliance with 'the strict requirements' of Rule 24(c) be forgiven."[14] The Court finds that plaintiffs would be prejudiced by intervention due to the delay necessary for compliance with Rule 24(c).

*County of Orange v. Air California*[15] emphasized the "seriousness of prejudice which results when relief from longstanding inequities is delayed" by allowing intervention at a late stage in the proceedings.[16] In that case appellant attempted intervention after a settlement had been reached between the parties. The district court stated that allowing intervention would be the undoing of five years of protracted litigation finally resolved by stipulated judgment.[17]

Although this dispute fortunately has not taken five years to reach its present phase, it is now close to resolution. Intervention by Covemex would almost inevitably delay the proceedings in one way or another. The existing parties would likely be prejudiced by the added arguments and briefs of Covemex, as well as any possible motions to extend time for briefing or discovery which might arise. If Covemex were allowed to intervene at this point in the case, after Plaintiff's Motion for Summary Judgment has already been filed, and only days before the filing deadline for Defendant's reply brief, final consideration of the substantive issues now before the Court would almost certainly be slowed.

This Court is charged by Rule 1 of the Rules of Court, to construe the Rules "to secure the just, speedy, and inexpensive determination of every action."[18] As stated above, plaintiff's complaint was filed a year and a half ago. Covemex had a considerable period of time to intervene, but chose not to.

The court has set an accelerated schedule for this case and does not wish to jeopardize its efforts to navigate this case between the shoals of government bureaucracy and neglect so that an outsider sitting on the shore may come on board the case when it considers advantageous to do so. It is too late in the day for this Court to allow Covemex to intervene as a party to the case. Covemex had its chance earlier on, but missed it.

Covemex has not adequately shown that it would be prejudiced by the result in this case if they are not allowed to participate as parties to the action. However, in order to allow its arguments to be heard, Covemex is invited to file an *amicus curiae* brief under Rule 76 of this court. Therefore, the Court cannot perceive how denying the motion for intervention harms Covemex.

---

[14] Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Intervene, at 4, citing *Ceramica Regiomontana, S.A. v. United States*, 7 CIT 390, 393, 590 F.Supp. 1260 (CIT 1984).

[15] *County of Orange v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986), cert. den. *Irvine v. County of Orange*, 480 U.S. 946, 94 L. Ed. 2d 791, 107 S. Ct. 1605, 55 U.S.L.W. 3661 (1987).

[16] *Id.*

[17] *Id.*

[18] U.S.CIT Rule 1, as amended 1985; *see also Manuli Autoadesivi, S.p.A. v. United States*, 9 CIT 24, 26-27, 602 F.Supp. 96 (CIT 1985).

Covemex's motion in the alternative for permissive intervention is also denied as untimely.

In light of the above, the Court need not address the issue whether Covemex, a group of foreign producers and/or packagers of frozen vegetables, has standing to intervene. On its face, 28 U.S.C. § 2631, makes clear that an action concerning marking requirements commenced under 28 U.S.C. § 1581(h)(1990), can be maintained by any person who would have had standing if the goods had been imported and a protest had been filed and denied. The Court notes without deciding the issue that the apparent intent of Congress in establishing the present standing requirement was to allow foreigners to come before the Court.[19]

---

[19] DeConcini, Introductory Statement to the International Trade Symposium, 26 N.Y.L.S.L. Rev. 431, 434 (1981)(notes that by expanding the concept of standing, the Customs Court Act of 1980 offers the international trade community, domestic interests and consumer groups, among others, an improved forum for the litigation of international trade disputes); see also, Gerhardt, Judicial Review of Customs Service Actions, 9 L. & Pol'y Int'l Bus. 1101, 1165-66 (1977) (foreign suppliers should have means for challenging Customs Service decisions).