### In re SAFEGUARD SCIENTIFICS.

No. Civ.A. 01–CV–3208.

United States District Court, E.D. Pennsylvania.

Feb. 13, 2004.

Allan H. Gordon, Kolsby, Gordon, Robin, Shore & Bezar, Philadelphia, PA, Daniel A. Osborn, Beatie & Osborn LLP, New York City, Phyllis M. Parker, Berger & Montague, Philadelphia, PA, Donald B. Lewis, Law Of-

fices of Donald B. Lewis, Bala Cynwyd, PA, for Plaintiff.

Michael S. Doluisio, Steven B. Feirson, Dechert, Price & Rhoads, Philadelphia, PA, William K. Dodds, Dechert, Price & Rhoads, New York City, H. Robert Fiebach, Cozen O'Connor, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This securities action has once again been brought before the Court on motion of Stanley Wolfe, Salvatore A. Maresca, Jr., Robert Frutkin, John F. Davis, III, Barry Brownstein and Gertrude Cohen for leave to intervene pursuant to Fed.R.Civ.P. 24. For the reasons which follow, the motion shall be denied.

### Factual Background

This is a consolidated action of several proposed class action suits filed on behalf of all individuals who purchased the common stock of Safeguard Scientifics, Inc. between December 1, 1999 and December 5, 2000. Specifically, the plaintiffs allege that during the proposed class period, Defendants made materially misleading statements and omissions concerning its Chairman and CEO's margin trading and the company's loan and personal guaranty of his personal margin debt. Plaintiffs further contend that as a result of the CEO's margin trading, the price of Safeguard stock was artificially inflated and that the margin loans constituted material facts which should have been disclosed given the inherent risk involved in margin trading and the potential impact that a margin call could therefore have had on the health of the company.

Via motion filed on December 20, 2002, the plaintiffs moved to certify this case as a class action and proffered as class representatives plaintiffs Paul Adal, Nicholas Gilman and George Settos. In our Memorandum and Order of August 27, 2003, the motion was denied as the proposed class representatives were not typical of the class given that they all faced unique defenses. Although plaintiffs endeavored to appeal this decision to the U.S. Court of Appeals for the Third Circuit, that Court denied their motion for permission to appeal. Accordingly, class members Maresca, Frutkin, Davis, Brownstein and Cohen now move to intervene as plaintiffs in order that they may potentially ultimately serve as class representatives.

### Discussion

Under Rule 24, intervention in the district courts may be either as of right or permissive. Specifically, Rule 24 provides in relevant part:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
**(b) Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Threshold to both permissive intervention and intervention of right is timeliness. Determining whether a motion to intervene is timely requires an analysis of the facts and circumstances surrounding the proceedings and is decided in light of the totality of the circumstances by the district court in the

exercise of its sound discretion. *See Generally: NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Mountain Top Condominium Association v. Stabbert Master Builder, Inc.,* 72 F.3d 361, 369 (3d Cir.1995); *Continental Casualty Company v. SSM Group, Inc.,* Civ. A. No. 94–7789, 1995 WL 422780, at *2, 1995 U.S. Dist. LEXIS 9739, at *5 (E.D.Pa. July 13, 1995). In making a timeliness assessment, a district court must consider (1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay. *Donovan v. United Steelworkers of America,* 721 F.2d 126, 127 (3d Cir.1983); *In re Fine Paper Antitrust Litigation,* 695 F.2d 494, 500 (3d Cir.1982). It should be noted that the mere passage of time does not, of itself, render an application for intervention untimely. *Mountain Top,* 72 F.3d at 369. Rather, to the extent that the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights. *Mountain Top, supra; United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1182 (3d Cir.1994). *See Also: Haymond v. Lundy,* Civ. A. No. 99–5048, 2002 WL 31149289, 2002 U.S. Dist. LEXIS 18110 (E.D.Pa. Sept. 26, 2002). Thus, where an existing party induces the applicant to refrain from intervening or where a party takes reasonable steps to protect its interest, an application to intervene should not be denied on timeliness grounds. *Id.*

■ In applying the preceding principles to the case at hand, we are constrained to conclude that the instant motion to intervene was not filed in a timely fashion. The record here reflects that the original complaints in this matter were filed more than two and-a-half years ago on June 26 and August 17, 2001. All discovery save for that on expert witnesses has since closed and, as noted, the motion for class certification has been decided. It thus appears that the next logical stage in these proceedings would be trial.

As for the prejudice factor, while it appears that the claims which the proposed intervenors seek to assert on behalf of the class are essentially the same as those which Messrs. Adal, Gilman and Settos were pursuing, granting the instant motion will nevertheless require the taking of additional discovery into the suitability of the movants to serve as class representatives and the filing of a second motion for class certification. These activities will result in a further delay in these proceedings and prejudice to the defendants, particularly in terms of additional attorneys' fees and legal expenses.

As to the third factor, *i.e.,* the reason for the delay, we note that among the named plaintiffs in case No. 01–4206 [1] were three of the proposed intervenors here, Barry Brownstein, Gertrude Cohen and Robert Frutkin. While Movants here assert that there was no need for intervention prior to this Court's recent denial of the motion for class certification and the Third Circuit's subsequent refusal to review that order, we find that movants unreasonably believed that the class certification motion would succeed given that the unique defenses and individual issues surrounding Messrs. Adal, Gilman and Settos became apparent during discovery and through the arguments advanced by the company in opposition to the class certification motion. We therefore cannot find that the applicants did not know nor should have known, of the possible need to intervene before the denial of the motion to certify the class.

■ However, even assuming *arguendo* that the intervention motion was timely filed, we still cannot find that it is properly granted. To qualify for intervention as of right, Rule 24(a)(2) requires, in addition to the requirement of a timely application, proof of the following three elements: (1) a sufficient interest in the litigation; (2) a threat that the interest will be impaired or affected as a practical matter by the disposition of the action; and (3) inadequate representation of the prospective intervenor's interest by the

---

**1.** That case was consolidated with this civil action under the above docket number, 01–3208 on October 23, 2001.

existing parties to the litigation. *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998). Although a sufficient interest has been said to be one "relating to the property or transaction which is the subject of the action" that is "significantly protectable," there still remains a great deal of confusion as to what that interest may encompass. *Id.*, citing *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) and *Mountain Top Condo.*, 72 F.3d at 366. *See Also: Harris v. Reeves*, 946 F.2d 214, 219 (3d Cir.1991) (noting that "an exact definition of the kind of interest justifying intervention remains elusive and that courts have described the level of interest required as 'significantly protectable,' 'legally protectable,' and 'direct' as opposed to contingent or remote.") While the courts have been clear that a mere economic interest in the outcome of the litigation is, without more, insufficient to support a motion to intervene, an intervenor's interest in a specific fund has been held to be sufficient to entitle intervention in a case affecting that fund. *Mountain Top*, 72 F.3d at 366. Generally, in considering whether the interest at issue is sufficient to warrant intervention, the Third Circuit often relies upon pragmatic considerations such as the benefits derived from consolidation of disputes into one proceeding. Those considerations, however, should not prevail if the focus of the litigation would be unduly dissipated or case management would become exceptionally complex. *Kleissler*, 157 F.3d at 970. As the *Kleissler* Court recognized:

> "... [R]ule 24 demands flexibility when dealing with the myriad situations in which claims for intervention arise. Nonetheless, the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote. Due regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought. The interest may not be remote or attenuated ..."

157 F.3d at 972.

 In order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence. *Mountain Top*, 72 F.3d at 368. In making this determination, the courts are required to assess the practical consequences of the litigation, and may consider any significant legal effect on the applicant's interest. *Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1122 (3d Cir.1992), quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir.1987). It is not sufficient that the claim be incidentally affected; rather there must be a tangible threat to the applicant's legal interest. *Id.*, at 1123. This factor may be satisfied if, for example, a determination of the action in the applicant's absence will have a significant *stare decisis* effect on their claims or if the applicant's rights may be affected by a proposed remedy. *Id.*

 Finally, to demonstrate entitlement to intervention as of right, the proposed intervenors must show that representation of their interests may be inadequate and the burden of making that showing should be treated as minimal. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538, n. 10, 92 S.Ct. 630, 636, n. 10, 30 L.Ed.2d 686 (1972). Generally, an applicant's rights are not adequately represented where: (1) the interest of the applicant so diverges from those of the representative party that the representative party cannot devote proper attention to the applicant's interest; (2) there is collusion between the existing parties; or (3) the representative party is not diligently prosecuting the suit. *Alcan Aluminum*, 25 F.3d at 1185–1186, n. 15, citing *Brody*, 957 F.2d at 1123.

In this case, although it appears that the proposed intervenors have a sufficient interest in this litigation, they have not established the requisite threat to that interest. To be sure, the action in its present form now involves only a dispute between the existing plaintiffs and the defendant company. Given that the statute of limitations has been tolled by the filing of the class action complaint, the movants remain free to assert their claims by filing individual civil actions

against Safeguard Scientifics. *See, American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Certainly the movants do not assert that they themselves are not capable of adequately representing their own interests and there is no evidence that they are not capable of pursuing their own claims to judgment. There is no evidence and movants do not argue, that the disposition of the present action would have any *stare decisis, res judicata* or collateral estoppel effect on any action which they might bring separately or individually. Accordingly, we cannot find that the movants' interests might become affected or impaired, by the disposition of this action in their absence.

 We likewise must also decline to exercise our discretion to allow these movants permissive intervention. Indeed, the law is clear that permissive intervention has universally been left to the sound discretion of the district court. *Continental Casualty Company v. SSM Group, Inc.,* Civ. A. No. 94–7789, 1995 WL 422780, 1995 U.S. Dist. LEXIS 9739 (E.D.Pa. July 13, 1995). Although Rule 24(b)(2) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation, in exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Securities and Exchange Commission v. United States Realty & Improvement Co.,* 310 U.S. 434, 459, 60 S.Ct. 1044, 1055, 84 L.Ed. 1293, 1306 (1940). Again, in reviewing the record in this case we find that nearly three years have elapsed since its inception, discovery has closed and the matter is now trial-ready. To allow these parties to intervene now would essentially require reopening the matter to additional class discovery and the filing of a second class certification motion thus inflicting potentially significant additional delays, costs and expenses on the existing parties. Thus, the motion for permissive intervention is also denied.

An order follows.

## *ORDER*

AND NOW, this 13th day of February, 2004, upon consideration of the Motion of Stanley Wolfe, Salvatore A. Maresca, Jr., Robert Frutkin, John F. Davis, III, Barry Brownstein and Gertrude Cohen to Intervene and the Defendant's response thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the foregoing Memorandum Opinion.