**PRINCETON BIOCHEMICALS, INC., Plaintiff,**

v.

**BECKMAN COULTER, INC., Defendant.**

Civ.A. No. 96–5541 (MLC).

United States District Court, D. New Jersey.

June 14, 2004.

Mark D. Schorr, Sterns & Weinroth, PC, Trenton, NJ, for Plaintiff.

Nola R. Bencze, Parker, McCay & Criscuolo, PA, Marlton, NJ, for Defendant.

Stephen F. Roth, Lerner, David, Littenberg, Krumholz & Mentlik, LLP, Westfield, NJ, for Movant.

## MEMORANDUM OPINION

COOPER, District Judge.

This matter comes before the Court on two motions: Rutgers, the State University of New Jersey's ("Rutgers") motion pursuant to Federal Rule of Civil Procedure ("Rule") 24 to intervene in this action, and defendant Beckman Coulter, Inc.'s ("Beckman") motion pursuant to Rule 19 to join Rutgers as a party in this action. Plaintiff Princeton Biochemicals, Inc. ("PBI") opposes both motions. For the reasons stated herein, the Court will grant both motions and order that Rutgers be joined.

## *BACKGROUND*

### I. *Procedural History*

PBI filed suit against Beckman for infringement of U.S. Patent No. 5,045,172 ("the '172 patent") in 1996. (Docket entry no. 1.) The Court bifurcated the liability and damages phases of the case. (3–27–97 Order.) Following a trial on liability, judgment was entered on a jury verdict in favor of PBI. (9–21–01 Jud.)

Rutgers, after the entry of judgment but before the commencement of discovery on the damages phase, moved to intervene on September 26, 2002. (Docket entry no. 150.) Shortly thereafter, on October 2, 2002, Beckman moved to join Rutgers as a party in this action. (Docket entry no. 152.)

### II. *Rutgers's Motion*

Rutgers moves to intervene because it claims ownership of the '172 patent. The '172 patent was issued in 1991 to the sole named inventor, Dr. Norberto Guzman ("Guzman"). (Pat. at 1.) Guzman later assigned the '172 patent to PBI. (9–6–01 Trial Tr. at 46.) Guzman testified at the liability phase of the trial that he invented the subject matter of the '172 patent in early 1986, at which time he was still a graduate student at Rutgers. (*See, e.g.,* 9–12–01 Trial Tr. at 118–19.)

Rutgers claims that because Guzman invented the subject matter of the '172 patent while he was a Rutgers student, pursuant to its Patent Policy the '172 patent is its property. (Rutgers Supp. Br.; *see* Roth Decl., Ex. J.) Rutgers asserts, however, that because Guzman had concealed the patent from it, it was not aware that it might have any interest in the '172 patent until it was so notified by Beckman's counsel on the eve of the liability phase of the trial.[1] (Rutgers Supp. Br. at 10–11; Adams Decl. at ¶¶ 4–5.) Rutgers further states it did not seek to intervene immediately because it needed time to investigate what rights, if any, it had in the patent. (Rutgers Supp. Br. at 11–13.) Only after further inquiry confirmed that it was the true owner of the '172 patent did Rutgers file its application to intervene. (*Id.*)

Rutgers seeks to establish its ownership over the '172 patent in this action, rather than in a separate action, because it believes PBI's interests in enforcing the '172 patent diverge from its own. Specifically, as a public institution of higher learning, Rutgers asserts it has interests in making "the benefits of its inventions available to the public" and "ensur[ing] that its Patent Policy is enforced". (*Id.* at 25.) PBI, as a for-profit

---

1. PBI claims that "[a]t a minimum, Rutgers had notice of the '172 patent when it was issued on September 3, 1991" because issuance of a patent puts the world on notice of its existence. (PBI Br. at 9–12.) PBI neglects to mention, however, that by September 1991 Guzman had not been a Rutgers student for over five years. (9–6–01

Trial Tr. at 9–21.) We find it disingenuous to suggest that a university must investigate all patents issued to its former students to determine whether it has an interest in them. Rather, for purposes of this motion we credit Rutgers's assertion that it was unaware of its potential claim to the '172 patent until just before trial.

corporation, does not share those goals. (*Id.* at 25–27.)

## III. *Beckman's Motion*

Beckman seeks to join Rutgers as a party for two reasons. First, Beckman states that in Rutgers's absence Beckman might be subject to inconsistent obligations, because the appropriate remedy for infringement may hinge on the true identity of the patent owner. (Beckman Supp. Br. at 7–8.) Second, Beckman claims that Rutgers's ability to protect its own interests may be impaired absent intervention. (*Id.* at 8–9.)

## DISCUSSION[2]

### I. *Intervention*

■ Rule 24(a) governs when a party may intervene as of right. It states, in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

A party seeking to intervene as of right under this rule must meet four criteria:

(1) the application for intervention is timely;

(2) the applicant has a sufficient interest in the litigation;

(3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and

(4) the interest is not adequately represented by an existing party in the litigation.

*Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir.1987). *See also Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 365–66 (3d Cir.1995). "If an applicant fails to prove any one of these four factors, intervention as of right is precluded." *Michaels Stores, Inc. v. Castle Ridge Plaza Assocs.,* 6 F.Supp.2d 360, 363–64 (D.N.J. 1998). All four criteria are met here.

■ Whether a motion to intervene is timely is " 'determined from all the circumstances' and, in the first instance, 'by the [trial] court in the exercise of its sound discretion.' " *In re Fine Paper Antitrust Litig.,* 695 F.2d 494, 500 (3d Cir.1982) (quoting *NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)). This inquiry "is essentially a test of reasonableness." *F.T. Int'l, Ltd. v. Mason,* No. 00–5004, 2003 WL 21993859, at *1 (E.D.Pa. May 2, 2003). Courts especially consider three factors in determining timeliness: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Mountain Top,* 72 F.3d at 369.

■ We find Rutgers's motion timely. While the application has come mid-trial, it will not require the relitigation of any issues, because whether Beckman has infringed the '172 patent is irrelevant to the ownership claim Rutgers seeks to assert. *Cf. id.* at 370 (observing that "intervention has been allowed even after the entry of a judgment"). No party has claimed it might be prejudiced by Rutgers's delay in intervening.[3] And we

---

2. PBI argues in its opposition to the motions that Rutgers should not be joined or permitted to intervene because, *inter alia,* the Patent Policy did not apply to Guzman, and Rutgers's claims are barred by the statute of limitations and laches. (PBI Br. at 8–19.) These arguments all state affirmative defenses to the substantive claim Rutgers seeks to assert, and present numerous factual issues. As such, they should be addressed in a dispositive motion concerning Rutgers's not-yet-filed complaint, rather than these motions.

3. PBI complains that permitting Rutgers to intervene would delay the conclusion of the trial. (PBI Br. at 21.) This argument misapprehends Rule 24(a). The relevant inquiry is whether PBI has been prejudiced by the lapse in time between when Rutgers learned of its alleged rights (just before trial) and when it moved to intervene (after the liability phase), not whether PBI will be prejudiced by the time it will take to address Rutgers's claims. *Cf. Mountain Top,* 72 F.3d at 370. If the delay caused by the intervention itself were sufficient "prejudice" to deny a Rule 24(a) motion, intervention would almost never be permitted.

find that the reason for Rutgers's delay—it was investigating whether in fact it had a claim to the '172 patent—does not render its application untimely.

■ Rutgers also has a sufficient interest in the litigation: its alleged ownership of the patent-in-suit. An intervenor's interest must be "significantly protectable," which means it "must be a legal interest as distinguished from interests of a general and indefinite character." *Id.* at 366 (quotations and citations omitted). A claim of ownership of the '172 patent is such a legal interest.

We further find that Rutgers's interest may be affected or impaired if it is not permitted to intervene. To meet this element, Rutgers need only demonstrate "that [its] interest *might* become affected or impaired, as a practical matter, by the disposition of the action in [its] absence." *Id.* at 368. *See also Michaels Stores,* 6 F.Supp.2d at 365. According to Rutgers,

> [s]hould the damages trial proceed with a substantial monetary award to [PBI], the opportunity for Rutgers to license its rights however it sees fit will have passed. Without Rutgers'[s] input in the case, the University would be deprived of taking positions that promote its combined goals of revenue generation and serving the public interest.

(Rutgers Supp. Br. at 24.) In other words, Rutgers claims that if it cannot intervene, it will be deprived of the full benefits of owning the '172 patent. This potential outcome satisfies Rule 24(a)'s lenient standard. *Cf. In re Safeguard Scientifics,* 220 F.R.D. 43, 48 (E.D.Pa.2004) ("This factor may be satisfied if . . . the applicant's rights may be affected by a proposed remedy.").

We lastly find that Rutgers's interests are not adequately represented by either PBI or Beckman. This requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). *See also Michaels Stores,* 6 F.Supp.2d at 365. Rutgers contends:

> Neither [PBI] nor [Beckman] is addressing the legal or policy considerations of Rutgers'[s] Patent Policy. Nor is either of these parties interested in furthering Rutgers'[s] interest in public higher education. Only Rutgers is positioned to weigh the benefits and rewards of protecting patentable subject matter developed at the public expense.

(Rutgers Supp. Br. at 26.) These interests are sufficiently unique to Rutgers, and thus not protected by PBI or Beckman, to satisfy the "minimal" burden on this element.

We hold that Rutgers has satisfied Rule 24(a)'s standard for intervention as of right.

## II. *Joinder*

■ Rule 19(a), captioned "Persons to be Joined if Feasible," states in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

Subdivision (a)(2)(i) protects the interests of absent third parties who might be prejudiced if not joined. *Cf. Wiconisco Creek Watershed v. Kocher Coal Co.,* 641 F.Supp. 712, 715–16 (M.D.Pa.1986). Subdivision (a)(2)(ii) "was enacted to protect parties from a substantial risk of multiple or inconsistent obligations" and "also helps to protect defendants from needless multiple litigation." *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as "The Sindia",* 895 F.2d 116, 122 (3d Cir.1990) (quotations and citations omitted).

We find that Rutgers should be joined to this action pursuant to both subdivisions of Rule 19(a)(2). Rutgers is a New Jersey citi-

zen, and hence is subject to service of process here. Its joinder will not deprive the Court of jurisdiction, as jurisdiction in this action is premised on 28 U.S.C. § 1331 (federal question), not 28 U.S.C. § 1332. Rutgers claims an interest in the subject matter of this action, *i.e.*, the '172 patent. Rutgers's interests may as a practical matter be impaired or impeded if it is not joined. *See supra.* And failure to join Rutgers would leave Beckman subject to a substantial risk of multiple or inconsistent obligations. First, fashioning an appropriate remedy for infringement without initially determining the true owner of the '172 patent could lead to an inconsistent outcome. Second, if PBI is awarded damages or a royalty in this action, and then Rutgers later establishes its own ownership and seeks for itself a different remedy, Beckman could be confronted with multiple or inconsistent obligations.

We hold that Rutgers should be joined pursuant to Rule 19(a)(2).

### CONCLUSION

Rutgers and Beckman, pursuant to Rules 24 and 19, respectively, both move to join Rutgers as a party to this action. We find that the standards applicable to both motions have been met. Accordingly, the Court will grant both motions. An appropriate Order will accompany this Memorandum Opinion.