LAWRENCE MUSIC, INC., Plaintiff,

v.

SAMICK MUSIC CORPORATION,
Defendant.

No. CIV.A. 01–1029.

United States District Court,
W.D. Pennsylvania.

March 28, 2005.

Charles H. Saul, Esq. and Liberty J. Weyandt, Esq. of Margolis Edelstein, Gregg R. Zegarelli, Esq. or Technology & Entrepreneurial Ventures Law Group, Pittsburgh, PA, for Plaintiff/Counterclaim-defendant Lawrence Music, Inc.

Allan C. Molotsky, Esq. of Post & Schell, Philadelphia, PA, for Erie Insurance Exchange.

Daniel M. Cislo, Esq., Sarah A. Brown, Esq., and Mark D. Nielsen, Esq. of Cislo & Thomas LLP, Santa Monica, CA, Leland P. Schermer, Esq. of Leland Schermer & Associates acting as local counsel therefor, Pittsburgh, PA, for Defendant/Counterclaim-plaintiff Samick Music Corporation.

*MEMORANDUM ORDER*

STANDISH, District Judge.

In this civil action, the parties assert claims against each other arising out of plaintiff's use of the Internet domain name **SAMICKGUITARS.COM** because the domain name incorporates defendant's registered trademark—**SAMICK**. Before the Court is the motion of Erie Insurance Exchange ("Erie") to intervene pursuant to Fed. R.Civ.P. 24(b).[1] In summary, Erie alleges that it has been defending plaintiff in this case with respect to defendant's counterclaims subject to a reservation of rights; that the reservation of rights was issued because the insurance policy issued to plaintiff by Erie may, or may not, provide coverage for the trademark infringement claims asserted

---

1. Rule 24(b) of the Federal Rules of Civil Procedure provides in part:

    **Rule 24. Intervention**

       \*     \*     \*     \*     \*     \*

    **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

by defendant and does not provide coverage for the remainder of defendant's counterclaims against plaintiff; that a general award of damages could preclude Erie and plaintiff from determining which, if any, of the components of the damages award were covered under the Erie policy; and that it is seeking to intervene for the purpose of submitting special verdicts for the jury's consideration. Both plaintiff and defendant oppose Erie's motion to intervene for the principal reason that the motion is untimely. After consideration, the Court agrees.

The complaint in this action was filed by plaintiff in June 2001 and served on defendant in January 2002.[2] Defendant filed its answer to the complaint, which included counterclaims for, *inter alia*, trademark infringement, trademark dilution, false designation of origin and unfair competition.[3] By letter dated August 1, 2002, Erie notified plaintiff that counsel would be retained to represent plaintiff with respect to the counterclaims asserted by defendant in this litigation; however, the representation was subject to a reservation of rights, *i.e.*, Erie reserved the right to disclaim coverage for the claims asserted against plaintiff by defendant. (Schermer Declaration, Exh. A).

In *In re Safeguard Scientifics*, 220 F.R.D. 43 (E.D.Pa.2004), investors brought securities fraud actions, which were consolidated, against a corporation and its principal, alleging misrepresentations and omissions in connection with the principal's practice of trading on margin and using his corporation's equity as collateral, and in connection with a loan to the principal by the corporation. Following the denial of the investors' motion to certify a class on the basis that the named plaintiffs were not representative of the class, the proposed class members moved to intervene as plaintiffs. The district court denied the motion to intervene on the ground, among others, that the motion was

untimely. The district court stated in relevant part:

\* \* \* \* \* \*

Threshold to both permissive intervention and intervention of right is timeliness. Determining whether a motion to intervene is timely requires an analysis of the facts and circumstances surrounding the proceedings and is decided in light of the totality of the circumstances by the district court in the exercise of its sound discretion. (Citations omitted). In making a timeliness assessment, a district court must consider (1) the stage of the proceedings when the movant seeks to intervene; (2) the possible prejudice caused to other parties by delay; and (3) the reason for delay. (Citations omitted). It should be noted that the mere passage of time does not, of itself, render an application for intervention untimely. *Mountain Top [Condo. Ass'n v. Stabbert]*, 72 F.3d [361]at 369 [(3rd Cir.1997)]. Rather, to the extent that the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights. (Citations omitted). Thus, where an existing party induces the applicant to refrain from intervening or where a party takes reasonable steps to protect its interest, an application to intervene should not be denied on timeliness grounds.

\* \* \* \* \* \*

220 F.R.D. at 46–47.

With respect to the first factor to be considered—the stage of the proceedings—the parties' cross-motions for summary judgment were adjudicated in November, 2004 and the case was listed on the Court's March, 2005 trial list. Thus, despite its knowledge of the counterclaims asserted against plaintiff by defendant since at least July 2002, Erie's February 28, 2005 motion to intervene was filed literally on the eve of trial. Although

**2.** Initially, plaintiff's complaint was limited to a request for a declaration that its use of the Internet domain name **SAMICKGUITARS.COM** does not infringe defendant's trademark.

**3.** Subsequently, in May 2002, plaintiff amended its complaint to add claims against Samick for breach of various agreements, breach of the duty of good faith and fair dealing and tortious interference with prospective economic advantage.

the motion to intervene will not delay trial because the parties have been granted the opportunity to renew summary judgment motions on the claims that remain in this case following the adjudication of their cross-motions for summary judgment, Erie's excessive delay in filing its motion to intervene nevertheless weighs against granting the motion at this late stage of the proceedings.

Turning to the second factor to be considered—the possible prejudice to the parties—although Erie is not seeking to conduct discovery in this case, as noted by defendant, Erie's attempt to intervene for the purpose of submitting special jury verdicts that may be irrelevant to, or beyond the scope of, the specific claims in this litigation, has the potential of generating a great deal of contention and motions over the substance of the proposed special verdicts, which, as defendant further notes, were not attached by Erie to its motion to intervene. The Court agrees with defendant that "[f]or Erie to interject itself into these proceedings at this extremely late date, disrupt the trial, and delay these proceedings is inexcusable given the time lapse and the fact that such problems could have easily been avoided if Erie had been diligent." (Defendant's Opposition, p. 6).

Finally, regarding the third factor to be considered—the reason for the delay—Erie has failed to offer any explanation whatsoever for its excessive delay in seeking intervention.

Based on the foregoing, Erie's motion to intervene in this action will be denied.